Sneed, J.,
delivered the opinion of the court:
This case involves a question of costs arising on the following state of facts: "W. L. Duff, being the recorder of the city of Memphis and ex officio a justice of the peace, had in the latter capacity, upon warrants regularly issued by him, held preliminary examinations of the cases of a number of offenders against the criminal laws of the state upon charges of felony brought before him, and where the accused parties were by his judgment held to' answer ber fore the criminal court, the papers in each case were regularly returned to the court and filed. In these cases the judge of the criminal court, being of opinion that the said recorder for his services in state prosecutions was not entitled to the ordinary fees of a justice, upon a final disposition of the cases refused to allow said Duff the fees to which a justice of the peace would be allowed in like cases. Upon an agreed case brought to this court [see In He Duff, ante, page 721], it was determined that the recorder of Memphis was a justice of the peace under the laws of the state, and entitled in such cases to demand and receive the fees incident to such services in like amount and extent as other jusr tices. The case was remanded and the clerk of t-he criminal court was accordingly, on the motion of Duff, ordered by the court to retax the costs so as to allow Duff his fees in accordance with the ruling of this court. These services *787 were rendered by the clerk, the costs retaxed and the bills of cost duly certified to the comptroller for payment, embracing the costs so taxed to Duff and alsoi the costs of the clerk himself, which accrued upon the relaxation. It seems that there were a large number of cases, and that the clerk’s fees for retaxing exceed in the aggregate amount the total amount due to Duff. The comptroller, however, has allowed and paid the amount so retaxed for the benefit of Duff, but has refused to allow the clerk’s costs for his services in tire relaxation thereof. The question is, must Duff pay the clerk’s costs, or are they properly chargeable to the state, or must the clerk lose his fees altogether? There is no ground certainly upon which error committed by the court below in originally disallowing Duff’s costs can be visited upon the clerk, who is simply the ministerial agent of the court, to do and perform its orders. And if the state, through its courts, has done Duff a wrong in originally disallowing his lawful demand, we are aware of no principle upon which Duff could be lawfully compelled to pay the cost of having that wrong redressed. It is not true, as assumed by the attorney-general, that the state pays no costs unless there be some express statute authorizing it and specifically defining the character of case in which it shall be done. It was seen to be simply impossible to> foresee all the contingencies in the progress of state prosecutions where, as a matter of justice and right, the state should he required to pay the costs, and therefore the law has lodged in the courts some discretion on the subject. The argument of the attorney-general' is -based upon a provision of the Code that officers are entitled to no other fees in criminal eases except such as are expressly allowed hy law. This- is the provision of the first clause of section 5561 of the Code [Shannon’s Code, sec. 7583], and simply means that no other fee or greater sum shall be paid tbe officer than the specific fee allowed by statute. The second clause of the same statute provides that in no case shall the officer be en *788 titled to payment from the state or county unless expressly allowed. Iiow allowed? By specific statute or Toy the order or direction of a competent court. "We take it that these words are used in reference to other provisions in which the courts have the discretion, to tax costs against the state or county in all proper cases. Thus it is provided in section 5572 that the court has discretion in controlling the taxation of costs, and in no, case shall the state or county he charged therewith unless the court so order.
And so by section 5581a, Act 1859, ch. 76, sec. 1 [Shannon’s Code, sec. 7615], it is provided that any person tried .for a public offense and acquitted (on the merits) shall be liable for the costs in his behalf sustained, unless, the court trying the said ease shall adjudge the costs against the prosecutor, the state, or the county, which the court is hereby empowered to do.” It is manifest, therefore, that the courts can exercise a qualified discretion in adjudging these questions of costs in criminal cases. There is no controversy here as to the proper taxation of the costs adjudged to W. L. Duff. Hor B any question made as to the proper and lawful taxation of the costs on behalf of the clerk. The amount is not, complained of, but it is only insisted that they were retaxed upon Duff’s motion, and therefore the State should not pay them. Or in other words, the state, thro,ugh its proper and accredited agents, the courts, has done one of its citizens a wrong in withholding a just demand and would give redress of that wrong only .on the condition that the citizen shall,pay more than the demand itself, in the expense incident to a correction of the wrong for which the state alone is responsible. Such a proposition cannot he sustained consistently with any principle of morality or law. We are constrained to, hold that the costs claimed by the clerk in this case are a proper charge against the state, and they shall be certified accordingly, subject to such reduction only as may appear upon an examination by the .proper officers to be lawful on account of any item or items improperly taxed.