Railroads *v.* Sadler *et al.*

RAILROAD *v.* SADLER.　SAME *v.* WOODRUFF.

(*Jackson.*　May 10, 1892.)

RAILROADS.　*Construction of Acts 1891, Ch. 101.*

Live-stock killed or injured by running upon and falling from a trestle in consequence of fright caused by a moving train are not "killed or crippled by any train of cars or locomotive" within the meaning of the Acts 1891, Ch. 101, making unfenced railroads absolutely liable for live-stock killed or injured upon or near their tracks by actual collision with their moving trains. Only cases of killing or injury of live-stock by actual collision with moving trains, etc., are within said Act.

Act construed: Acts 1891, Ch. 101.

Cases cited and approved: Holder *v.* Railroad, 11 Lea, 176; 22 Am. and Eng. R. R. Cas., 565; 13 *Id.*, 570; 19 *Id.*, 610; 23 *Id.*, 188; 31 *Id.*, 512, 569.

### SADLER CASE.

Appeal in error from Circuit Court of Weakley County.　W. H. SWIGGART, J.

JOSEPH E. JONES for Railroad.

CHARLES M. EWING for Sadler.

### WOODRUFF CASE.

Appeal in error from Circuit Court of Weakley County.　W. H. SWIGGART, J.

BARR & JONES for Railroad.

WINSTEAD & THOMAS for Woodruff.

LURTON, J. The Act of 1891, Ch. 101, making unfenced railroads absolutely liable for all stock killed or injured on or near their tracks applies only to injuries resulting from actual collision with a moving engine or car. The language of the Act forbids any other construction. The injury must be the direct result of contact with "moving trains, cars, or engine." This construction had been given to the old law. Code (M. & V.), §§ 1298–1300; *Holder* v. *Railroad*, 11 Lea, 176.

The later Act is no more explicit on this point than the former. Similar acts in other States have been uniformly construed as applicable only to cases of injury from direct collision.

Numerous cases are cited to this effect in the seventh volume Am. and Eng. Ency. of Law, 928.

To the same effect are the following: *Burlington and Missouri Railroad* v. *Shoemaker*, a Nebraska case, reported in 22 Am. and Eng. R. R. Cases, 565; *Holder* v. *Chicago, etc., R. R. Co.*, 13 Am. and Eng. R. R. Cases, 570; *Croy* v. *Louisville, etc., R. R. Co.*, 19 Am. and Eng. R. R. Cases, 610; *Knight* v. *N. Y. & Western R. R.*, an opinion of Court of Appeals of New York, 99 N. Y., 25 (S. C., 23 Am. and Eng. R. R. Cases, 188); *International & G. N. R. R.* v. *Hughes*, a Texas case, reported in 31 Am. and Eng. R. R. Cases, 569; *Penn. Co.* v. *Dunlap*, Supreme Court of Indiana, reported in 31 Am. and Eng. R. R. Cases, 512.

In these cases the animals seem, from fright, to

have run ahead of the moving train and onto a trestle, from which they fell, not being touched by the moving train.

The charge was erroneous upon this point, and for this error both cases must be reversed.