IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, APRIL TERM, 1894.

---

HUNTER *v.* MEMPHIS.

(*Jackson.* May 22, 1894.)

1. TAXATION. *Effect of clause "in lieu of all other taxes."*

A statute imposing upon each insurance agent or firm doing business in this State a specific State privilege tax declared to be "in lieu of all other tax," repeals, by implication, an earlier statute levying a specific municipal privilege tax upon agents of foreign insurance companies doing business in a named taxing district.

Acts construed: Acts 1893, Ch. 89; Acts 1879, Ch. 84.

2. STATUTES. *Repeal by implication.*

Doctrine re-affirmed that repeals of statutes by implication are not favored, and that a later statute will not be held to operate as a repeal

of an earlier one unless the repugnance and conflict between them is such that they cannot stand together.

Cases cited and approved: Insurance Co. *v.* Taxing District, 4 Lea, 644; Maney *v.* State, 6 Lea, 221; Knoxville *v.* Lewis, 12 Lea, 181; Ballentine *v.* Pulaski, 15 Lea, 633; The Druggist Cases, 85 Tenn., 450; Poe *v.* State, 85 Tenn., 495; Terrell *v.* State, 86 Tenn., 523.

## FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

TURLEY & WRIGHT and MALONE & MALONE for Hunter.

METCALF & WALKER for Memphis.

CALDWELL, J. This is an agreed case between the city of Memphis on one side, and F. B. Hunter and F. W. Smith on the other side, involving the question of the liability of insurance agents to *municipal* privilege taxation.

The Circuit Judge decided the question in favor of the city, and Hunter and Smith appealed in error.

The Legislature of 1879 laid an annual *municipal* privilege tax of $200, for each company represented, upon agents of foreign insurance companies having offices and doing business in the Taxing District of Shelby County. Acts 1879, Ch. 84, Sec. 7,

Sub-sec. 54. The amount of that tax was reduced to $100 per annum in 1881. Acts 1881, Ch. 96, Sec. 18.

The Taxing District of Shelby County having been abolished, ample taxing power, and the benefit of all laws imposing privilege taxes in her favor, were expressly conferred upon the city of Memphis, as her successor, by Sections 4 and 5, Chapter 84, Acts of 1893.

Subsequently, the general revenue bill of 1893 was passed; and, by the fourth section thereof, it was provided that each insurance agent or firm doing business in this State, in counties of 50,000 inhabitants or over, shall annually pay the sum of $20 as a *State* privilege tax, "in lieu of all other tax." Acts 1893, Ch. 89, Sec. 4, pp. 123 and 134.

The plaintiffs in error have offices and do business in the city of Memphis, as agents of foreign insurance companies, Hunter representing two companies and Smith representing one. As such agents, each of them, in pursuance of the requirement of Section 4, Chapter 89, Acts of 1893, paid to the Treasurer of the State the sum of $20, as a *State* privilege tax for the year 1894.

Thereafter, the city of Memphis demanded of them a *municipal* privilege tax of $100 for each company represented, for the same year, 1894. This demand was made by virtue of Section 18, Chapter 96, Acts of 1881, already mentioned.

Hunter and Smith refused to pay the tax thus demanded, upon the ground, as contended by them,

that the law under which it was claimed had been repealed by the subsequent provision, under which they had paid the $20 each to the State.

The Act of 1893 cannot operate as an *express* repeal of the Act of 1881, for the reason that it does not recite in its caption, or otherwise, the title or substance of the latter Act, as required by Section 17, Article II., of the Constitution. Such recital is essential to the validity of every *express* repeal; but not in case of *implied* repeals, the latter not falling within the constitutional requirement. If there be any valid repeal in the present instance, it must be *implied.* To constitute a repeal by implication, there must be such repugnance or conflict between the positive and material provisions of the different Acts that they cannot stand together. There is no such repugnance or conflict where one Act simply lays a municipal privilege tax, and another lays a State privilege tax, without more, upon the same person or business. Such Acts may co-exist without the slightest interference the one with the other, the two taxes being separate and distinct. The imposition of the one tax is not, of itself, an exemption from the other. It is entirely competent, if not usual, for the Legislature to require the same person or business to pay a *municipal* privilege tax and also a *State* privilege tax for the same period of time, or by the year. Indeed, both may be imposed by the same Act, or by different Acts.

The Act of 1881 laid a *municipal* tax, the Act

of 1893 a *State* tax; and, if that were all, both would certainly be collectible. But that is not all. The Act of 1893 did not stop with the mere imposition of a tax in favor of the State; it went further, and said that the State tax thereby imposed should be "in lieu of all other tax." If, "in lieu of all other tax" (meaning privilege tax), then no other tax, previously laid, was thereafter authorized or valid.

It is true that there is not any repugnance or conflict between a mere *municipal* tax and a mere *State* tax; but there is the greatest possible repugnance and conflict between a *municipal tax* and a *State tax in lieu of all other tax.* They cannot co-exist.

A State privilege tax or a municipal privilege tax, upon a particular person or business, in lieu of all other tax, covers the whole domain of privilege taxation that the Legislature intends shall be occupied, and excludes every other privilege tax, as to such person or business, until further legislation with respect thereto shall be had. The phrase, "in lieu of all other tax," is a positive exclusion of every other privilege tax. It has no other office or meaning.

It follows, therefore, that the municipal privilege tax laid upon insurance agents by the Act of 1881 was impliedly repealed by that part of the Act of 1893 which imposed upon them a State privilege tax "in lieu of all other tax."

The doctrine of repeal by implication has been

recognized and applied in several decisions of this Court. *Home Insurance Co.* v. *Taxing District,* 4 Lea, 644; *Maney* v. *The State,* 6 Lea, 221; *Knoxville* v. *Lewis,* 12 Lea, 181; *Ballentine* v. *Pulaski,* 15 Lea, 633; *The Druggist Cases,* 85 Tenn., 450; *Poe* v. *The State, Ib.,* 495; *Terrell* v. *The State,* 86 Tenn., 523; etc.

In the first case mentioned, it was held that the words, "which shall be in lieu of all other taxes," occurring in the Act of 1875, were themselves impliedly repealed by the Act of 1879, which imposed an additional tax.

Reverse, and enter judgment here for plaintiffs in error.