STATE, *ex rel.,* BOLT, *Sheriff v.* DRUMMOND *et al.*

(*Knoxville.* September Term, 1913.)

1. **COSTS.** **Statutes.** **Repeal.**

The Jarvis-act (Laws 1897, ch. 20), which declares that neither the State nor any county shall be liable for costs or fees in any criminal prosecution, except in cases of certain felonies, or where the defendant has been sent to the workhouse under the small offense law, or where he has been convicted in a court of record and execution against him returned *nulla bona*, is a repeal by implication of all statutes, in force at the time of its passage, fixing liability upon the State or county for costs or fees in criminal prosecutions not within the exceptions. - (*Post, p.* 274.)

Act cited and construed: Acts of 1875, ch. 43.

Code cited and construed: Sec. 449, subsec. 3 (S.); sec. 36 (T. S. and 1858).

Case cited and approved: Henley v. State, 98 Tenn., 706-8.

2. **STATUTES.** **Repeal.** **By implication.**

A repeal by implication can operate only where there is such a repugnance or conflict between the subsequent statute and an earlier one that the two cannot stand together. (*Post, p.* 274.)

Acts cited and disapproved: Acts 1899, ch. 307; Acts 1913, ch. 25.

Cases cited and approved: Hunter v. Memphis, 93 Tenn., 574; Blaufield v. State, 103 Tenn., 600.

3. **PRISONS.** **Care of prisoners.** **Sheriff's fees.** **Liability of county.** **"Boarding."**

The expression "boarding," as used in the Jarvis Act (Laws 1897, ch. 20), providing that neither the State nor any county thereof shall be liable in any criminal prosecution for any costs or fees, but that compensation for boarding prisoners shall be paid in all cases as heretofore, includes not only the compensation to which a jailer is entitled for furnishing prisoners with food,

bedding, and water, but for the keeping of such prisoners in custody; and hence the statute did not repeal Shannon's Code, sec. 6412, providing that jailers shall receive forty cents a day for each prisoner fed, and for each turnkey one dollar, but that only two turnkeys shall be allowed for each prisoner. (*Post*, *pp*. 275, 276.)

## FROM KNOX.

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—WILL D. WRIGHT, Chancellor.

LINDSAY, YOUNG & DONALDSON, for plaintiff.

JOHNSON & COX, for defendants.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This case was before the chancellor on the demurrer of Knox county to the original and amended bill of the sheriff, seeking in his right as jailer of that county a decree for turnkey fees, and compensation for food, water, and bedding furnished by him to certain prisoners lawfully committed to jail, and who there remained until lawfully discharged.

The questions raised by the demurrer are two: First, whether chapter 20, Acts 1897, known as the "Jarvis Law," extinguished the liability of the State or any county thereof for turnkey fees; second,

whether that act extinguished the liability of the State or any county thereof for any jailer's costs, including such as are sued for here, "where security has been accepted by the officer taking the security, and an execution afterwards returned *nulla bona* as to the defendant and his securities." The quotation above is from the first *proviso* of subsec. 3 of section 1, of the Jarvis Law.

The chancellor overruled the demurrer, his action was affirmed by the court of civil appeals, the case is before us on petition for *certiorari,* and errors here assigned by the county.

By section 360 of the Code of 1858—section 449, subsec. 3 of Shan. Code—it is made the duty of the sheriff to take charge and custody of the jail of his county and of the prisoners therein, to receive those lawfully committed, and to keep them himself, or by his deputies or jailer, until discharged by law. See, also, on the same subject section 5400, Code 1858, carried into Shannon's Code, as section 7375.

By chapter 43, Acts of 1875, carried into Shannon's Code as section 6412, it is provided that the several jailers in this State are entitled to demand and receive the following fees for services: "First, for each prisoner for whom he provides good, wholesome water, food, and bedding each day, forty cents. Second, for each turnkey, $1. Only two turnkeys shall be allowed for each prisoner."

So stood the law of the State upon this subject when the Jarvis Law was passed. The plan of legislation

128 Tenn. 18

embodied in that act was to extinguish the liability of the State or any county thereof for costs and fees under statutes in force at the time, except in cases described by class in subsections 1, 2, and 3 of section 1 of the act, and in section 2 of the act. The act is a clear repeal by implication of all statutes in force at the time of its passage fixing liability upon the State or any county thereof for costs or fees in any criminal prosecution in each case not falling within some exception in the act.

Such was the view of the act taken by this court in the case where its constitutionality was sustained. *Henley* v. *State,* 98 Tenn., 706-8, 41 S. W., 352, 1104, 39 L. R. A., 126.

The act is not an express repeal or amendment of any statute. None is mentioned, either in its caption, body, or otherwise. *Henley* v. *State,* supra.

Now, as a repeal by implication, it can operate only where there is such repugnance or conflict between its positive and material provisions and those of any existing statute that the two cannot stand together. *Hunter* v. *Memphis,* 93 Tenn., 574, 26 S. W., 828, and authorities there cited.

And the repugnance "must be very plain and unavoidable: Both the terms and the necessary operation of the two acts must be incapable of reconciliation before the older act will be repealed by the later one." *Blaufield* v. *State,* 103 Tenn., 600, 53 S. W., 1092, and authorities there cited.

State, ex rel., v. Drummond.

In no sense is the Jarvis Law an act granting fees and costs in criminal prosecutions against the State or county. Its operation is restrictive of such rights already existing.

The substance of the second *proviso* of subsection 3 of section 1 of the Jarvis Law, in so far as that *proviso* relates to the compensation of jailers, is as follows:

"Provided that compensation for boarding prisoners shall be paid in all cases as heretofore."

We think the word "boarding" as used above, when construed in connection with the entire act and in view of the evils which the act was intended to cure, means compensation to the jailer, not only for furnishing water, food, and bedding to each prisoner, but also compensation to the jailer for locking each prisoner in the jail and keeping him locked therein, and liberating him therefrom upon proper authority so to do. The word "board" or "boarding" was not used in the legislation in the Code of 1858 nor in the act of 1875 to cover services for which the jailer was entitled to compensation. The word comes first into our legislation on this subject in the Jarvis Law.

Ordinarily, the word "boarding" might be said to mean furnishing water, food, and bedding, at least such might be its usual meaning where the boarder was not a prisoner; but we think we would defeat the manifest purpose of the act to give so narrow a meaning to the word. We can conceive of no reason why the jailer should be allowed for feeding, watering, and bedding a prisoner, and not also allowed for detaining him.

Each is a distinct service, and each an element of expense to the jailer.

Taking this view of the act, the word "boarding" would cover turnkey fees, as well as other services for which compensation was allowed by law to the jailer, which by the express terms of the Jarvis act were intended to be paid to the jailer after as they were before the passage of that act.

The construction above given the word "boarding" brings the compensation of the jailer for food, water, and bedding furnished each prisoner as well as for turnkey fees within one of the exceptions from the operation of the Jarvis Law; and, this being true, the Jarvis act does not repeal by implication the existing law allowing such compensation, and it necessarily results that the first *proviso* in subsection 3, of section 1, of that act has no application to the jailer's compensation here sued for, that being by the express terms of the Jarvis Law wholly excepted from its operation. To construe the act otherwise on this point would be to make it self-contradictory. Chapter 307, Acts 1899, and chapter 25, Acts 1913, amending the Jarvis Law, do not affect the present case.

What we have said meets each question made by the demurrer.

We think there was no error in the decree of the court of civil appeals, which affirmed that of the chancellor, and remanded the cause to the chancery court for answer by the county, and further proceedings. The decree is therefore affirmed.