NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.*
SOL V. FORD.

(*Nashville.* December Term, 1917.)

1. **RAILROADS.** Injuries to animals. Nature of action.

Since the statutes do not cover injuries to animals by railroads
other than by collision, an action for injuries to mules frightened
by a train and injured in .a trestle is a common-law action.
(*Post, pp.* 292-294.)

Cases cited and approved: Holder v. Railroad, 79 Tenn., 176; Rail-
road v. Sadler, 91 Tenn., 508.

2. **RAILROADS.** Animals on tracks. Duties of engineer.

After those in charge of the train observe frightened animals on
the track or near by, it is incumbent on them to use ordinary
care in operating the train, and if they approach negligently and
further frighten the animals and cause injury, the railroad is
liable. (*Post, pp.* 294-296.)

Cases cited and approved: Gay v. Wadley, 86 Ga., 103; Brothers v.
South Carolina R. Co., 5 S. C., 55; Chicago & N. W. R. Co. v.
Taylor, 8 Ill. App., 108; Hot Springs R. Co. v. Newman, 36 Ark.,
608; Pittsburg, C. & St. L. R. Co. v. Stuart, 71 Ind., 500; Georgia
Pacific R. Co. v. Money, 8 South., 646; St. L., I. M. & S. R. Co.
v. Bragg, 66 Ark., 248; Ramsbottom v. Atlantic Coast Line R.
Co., 138 N. C., 38; Ohio Valley R. Co. v. Major, 12 Ky. Law Rep.,
710; Indianapolis B. & W. R. Co. v. McBrown, 46 Ind., 229;
Alabama G. S. R. Co. v. Hall, 133 Ala., 632.

3. **RAILROADS.** Animals on track. Negligence. Evidence.

Evidence *held* insufficient to show negligence in operation of a
train by which mules on the track were frightened and caused to
be injured on a trestle. (*Post, p.* 296.)

FROM HICKMAN

Appeal from the Circuit Court of Hickman County
to the Court of Civil Appeals, and by *certiorari* to

the Court of Civil Appeals from the Supreme Court. —Hon. W. B. Turner, Judge.

Claude Waller and Fitzgerald Hall, for appellant.

Webster & Webster, for appellee.

Mr. Justice Green delivered the opinion of the Court.

There was a judgment against the railway company in this case for injuries to certain mules. The court of civil appeals reversed and remanded the case for error in the charge of the trial judge. The railway company has filed a petition for *certiorari,* insisting that it was entitled to a directed verdict.

The mules were not struck by the train, but became frightened thereat and ran into a stock gap or trestle. In cases like this we have no applicable statute. Our statutes respecting the duties of railroad companies concerning stock on their tracks and rendering them liable for injuries to stock under certain circumstances relate alone to injuries caused by collision of the trains with the animals. They do not cover cases where the animals are injured through fright. *Holder* v. *Railroad,* 79 Tenn. (11 Lea), 176; *Railroad* v. *Sadler,* 91 Tenn., 508, 19 S. W., 618, 30 Am. St. Rep., 896.

This action, therefore, is one under the common law.

The engineer upon the locomotive frightening the stock testified that he observed seven or eight mules

and a little Shetland pony on the track about a quarter of a mile south of the trestle. He sounded the alarm whistle seven or eight times, and slowed up the speed of his train to about five or six miles an hour. The animals ran up the track. The train never approached them nearer than two hundred yards until after three of the mules had run into the trestle. The pony and the other mules ran off the side of the track into the woods before reaching the trestle. The track was unfenced, and there was no obstruction on either side—nothing to prevent the animals from running off. The train was not brought to a full stop until after the three mules ran into the trestle. It was stopped then, and the trainmen went up to the trestle to get the mules out. Two of them got out unaided, and the trainmen got out the third animal. The engineer testified that he did not chase the mules, and the fireman said that the engineer stopped blowing the whistle when he saw the mules running up the track.

There is nothing in the evidence contrary to the above statement except the testimony of the plaintiff below. He did not witness the accident, but he said that he asked the engineer how it occurred a few days thereafter, and the engineer replied that he ran the mules into the trestle. Of course, the engineer did not mean that he himself ran the mules into the trestle. This is not contended. What he meant was that the train ran them into the trestle. The engineer denies making this statement, and the fireman, who

heard the conversation between the engineer and the plaintiff below, corroborates the engineer. Even if the engineer did say he ran the animals into the trestle, he did not state any of the circumstances nor admit anything indicating an absence of ordinary care on his part in his handling of the train.

After those in charge of a train perceive frightened animals on the track or near by, it is, of course, incumbent upon them to use ordinary care in the movements and conduct of the train. If they negligently operate the train so as to further frighten and cause the animals to injure themselves, the railroad company will be liable for such damage. This principle is well recognized, but, as has been observed, it is somewhat difficult to say just what is negligence under the varying conditions that may arise.

The supreme court of Alabama has said this with reference to the duty of the trainmen to stop:

Where an "animal is on the track frightened, and running under conditions that indicate that, unless the train is stopped, it will run into the trestle, and that the danger may be averted by stopping the train, a duty arises to stop it; and if the engineer negligently fails to do so, the company will be liable." *N., C. & St. L. R. Co.* v. *Garth,* 179 Ala., 162, 59 South., 640, 46 L. R. A. (N. S.), 430.

The court of civil appeals was of opinion that it was a question for the jury to determine whether under the conditions appearing in this case ordinary

care required that the train should have been stopped.

The decided cases are without exception to the contrary so far as we have been able to ascertain.

Where there is nothing to prevent the animal from leaving the track and the speed of the train is slackened and it is moving slowly, a considerable distance in the animal's rear without unnecessary noise, it has been declared in all the cases that there was no negligence in not bringing the train to a full stop before the animal ran into the trestle. *Gay* v. *Wadley,* 86 Ga., 103, 12 S. E., 298; *Brothers* v. *South Carolina R. Co.,* 5 S. C., 55; *Chicago & N. W. R. Co.* v. *Taylor,* 8 Ill. App., 108; *Hot Springs R. Co.* v. *Newman,* 36 Ark., 608; *Pittsburg, C. & St. L. R. Co.* v. *Stuart,* 71 Ind., 500; *Georgia Pacific R. Co.* v. *Money* (Miss.), 8 South., 646; and other cases collected in note 46 L. R. A. (N. S.), 430.

It is said that under such circumstances the trainmen cannot foresee as a natural or probable consequence of the failure to stop that the animal will run out on the trestle rather than to the side when there is no obstruction. *St. L., I. M. & S. R. Co.* v. *Bragg,* 66 Ark., 248, 50 S. W., 273; *Ramsbottom* v. *Atlantic Coast Line R. Co.,* 138 N. C., 38, 50 S. E., 448; *N., C. & St. L. R. Co.* v. *Garth,* supra.

In the case before us the probability that the mules injured would run out to one side of the track was increased by the fact that four other mules in the bunch did so run out, and the engineer had less

reason for apprehending that the injured animals would go on into the trestle.

If an animal is running along a fenced track, through a cut, or on an embankment leading to a trestle or stock gap, the case might be different. Under these conditions the engineer might reasonably anticipate that the animal would run into the trestle, inasmuch as the ways of escape to the sides of the track were not clear. *Ohio Valley R. Co.* v. *Major,* 12 Ky. Law Rep., 710; *Indianapolis B. & W. R. Co.* v. *McBrown,* 46 Ind., 229; *Alabama G. S. R. Co.* v. *Hall,* 133 Ala., 632, 32 South., 259.

There may be other circumstances under which ordinary care would require the engineer to bring his train to a stop. Such circumstances existed in *Davis* v. *Railroad* (MS. 1912), and in other unreported cases.

There is no conflict in the testimony as to the facts of this accident. The witnesses are all in accord. We are of opinion that the facts disclose no negligence on the part of those in charge of the train of plaintiff in error, and it follows that the judgment of the court of civil appeals and of the circuit court will be reversed, and this suit dismissed.