J. N. McCord *et al. v.* Marshall County *et al.*

(*Nashville.* December Term, 1925.)

1. **COUNTIES.** Authority of counties to issue bond for any purpose must be conferred by statute either general or special.

The authority of counties to issue bonds for any purpose within the constitutional limitation must be conferred by statute either general or special, for counties cannot in exercise of their ordinary political or governmental powers issue such bonds. (*Post, pp.* 678, 679.)

Acts cited and construed: Acts 1911, ch. 60; Acts 1925, ch. 115; Acts 1921, ch. 40; Pub. Acts 1899, ch. 279; Acts 1909, ch. 264; Acts 1917, ch. 96; Pub. Acts 1921, ch. 118, sec. 36; Pub. Acts 1923, ch. 7.

Cases cited and approved: State v. Anderson County, 67 Tenn., 248; Colburn v. Railroad, 28 S. W., 298; Claiborne Co. v. Brooks, 4 S. Ct., 489.

2. **COUNTIES.** Issuance of high school bonds by county held authorized under statute conferring power on county to issue ''school'' bonds (Pub. Acts 1899, chapter 279; Pub. Acts 1909, chapter 264; Pub. Acts 1911, chapter 60; Pub. Acts 1917, chapter 96; Pub. Acts 1921, chapters 40, 118; Pub. Acts 1923, chapter 7, section 36; Pub. Acts 1925, chapter 115).

In view of Pub. Acts 1899, chapter 279; Pub. Acts 1909, chapter 264; Pub. Acts 1917, chapter 96; Pub. Acts 1921, chapters 40, 118; and Pub. Acts 1923, chapter 7, section 36, *held* that, under Pub. Acts 1911, chapter 60, county could issue and sell bonds for purpose of erecting a "high school" building; word "schools" as used in act 1911 being generic and embracing all schools maintained in county, whether high school or elementary, and such act is not repealed by Pub. Acts 1925, chapter 115. (*Post, pp.* 679, 680.)

Acts cited and construed: Acts 1911, ch. 60; Acts 1925, ch. 115; Acts 1921, ch. 40.

3. **STATUTES.**

Nothing short of irreconcilable conflict between two acts will accomplish repeal of first act by implication, and this rule especially

McCord v. Marshall County.

applies to statutes empowering counties to issue bonds. (*Post,* pp. 680, 681.)

Cases cited and approved: State v. Drummond, 160 S. W., 1082; Blaufield v. State, 53 S. W., 1090; Hunter v. Memphis, 26 S. W., 828.

FROM MARSHALL.

Appeal from the Chancery Court of Marshall County. —Hon. Thos. B. Lytle, Chancellor.

R. C. Armstrong, for appellants.

T. L. Coleman, for appellees.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by taxpayers to enjoin issuance, by the county, of high school bonds in the sum of $50,000 for the purpose of erecting and equipping a county high school building in Lewisburg. The chancellor sustained a demurrer to the bill and complainants having appealed, seek a reversal for errors assigned.

A resolution passed at the October term, 1924, of the quarterly court, recites that the court, exercising power under chapter 60, Pub. Acts of 1911, authorizes the issuance of $50,000 of bonds subject to approval of the voters as required by chapter 69, Pub. Acts of 1923; the proceeds to be devoted to the erection of a high school building on land donated by the town of Lewisburg for the use of the public schools. The voters approved the bond issue in an election July 16, 1925, and

the court ordered the bonds issued and sold for the purposes declared in the resolution, when the bill was filed. Complainants do not challenge the regularity of any act of procedure through which the county moved, but insists: (1) That chapter 60, Acts of 1911, conferred no power on the county to issue high school bonds; (2) if chapter 60, Acts of 1911, conferred power to issue bonds limited to the uses declared by the county court, the act was repealed by chapter 115, Pub. Acts of 1925.

It is said the act of 1911, conferring the power to issue bonds to acquire school property and school sites, and erect, equip, and repair school buildings, did not authorize the county to issue bonds and designate them "high school bonds," and limit the use of the proceeds to "high schools;" and that the county could not under the act levy a tax to cover interest and sinking fund on "high school bonds."

The counties are empowered to issue bonds to be known as school bonds, the proceeds to be kept apart as a special school fund for use in purchasing sites and erecting, equipping, and repairing school buildings. The resolution of the quarterly court recited the need of a site, building, and equipment for a high school in Marshall county, and stated that chapter 60, Acts of 1911, authorized the quarterly courts of the several counties to issue and sell bonds to procure school sites, and erect, equip, and furnish school buildings, and to provide for payment of interest and sinking fund thereon; and that the court proposed to issue and sell, under the act, bonds to provide funds for the erection of a high school building on lands in Lewisburg conveyed at the instance of the town to the county board of education.

Details of the act were observed with particularity in the resolution providing for the issuance of the bonds which were designated "high school bonds," and a tax to provide for interest and sinking fund was levied, designated as "high school interest and sinking fund tax," and the proceeds from the sale of bonds was described as the "special high school fund" to be used for the erection of the high school building, which the court declared to be a public necessity.

Chapter 40, Pub. Acts of 1921, requires the establishment and maintenance of at least one first-class high school in each county.

When chapter 60, Acts of 1911, was passed, the public school system of the state embraced primary schools, secondary schools, and high schools, all maintained by counties in cooperation with the state or through aid from state revenue. Chapter 279, Pub. Acts of 1899; chapter 264, Acts of 1909.

By chapter 96, Pub. Acts of 1917, secondary schools were abandoned, and primary schools were designated elementary schools. These together were high schools were continued, and they are nurtured by all subsequent legislation. Chapter 118, Pub. Acts of 1921, section 36; chapter 7, Pub. Acts of 1923; chapter 115, Pub. Acts of 1925.

The term schools, as used in chapter 60, Acts of 1911, is generic and embraces all schools maintained in the counties under the public school laws, and would include high schools as well as primary or elementary, and secondary schools, all of which were authorized by law when the act was passed. It was passed to promote public schools, and it must be construed as applying to public

schools then in existence or subsequently provided for in the counties. The authority of the counties to issue bonds for any purpose, within the constitutional limitation, must be conferred by statute either general or special, since the counties cannot, in the exercise of their ordinary political or governmental powers, issue bonds for any purpose. *State* v. *Anderson County,* 8 Baxt. (Tenn.), 248; *Colburn* v. *Railroad,* 28 S. W., 298, 94 Tenn., 43; *Claiborne Co.* v. *Brooks,* 4 S. Ct., 489, 111 U. S., 401, 28 L. Ed., 470; 15 C. J., 611.

Chapter 60, Acts of 1911, expressly confers the broad power upon the counties to issue and sell bonds for the purposes declared in the act, and because the county court by resolution limited the application of the fund derived from the sale of school bonds exclusively to a high school building would not render the bonds void for the want of statutory authority. The limitation upon the use of the fund that runs through the resolution of the court is not an enlarged, but a diminished, exercise of the power expressly conferred upon the county by chapter 60, Acts of 1911.

The county could issue bonds to procure sites and erect buildings for either elementary schools or high schools, or for both purposes. No provision of the act forbids it, and a *pro rata* distribution of the proceeds to all the schools of the county was not required. The sale of bonds for the purpose of erecting a high school building was a purpose within the scope of the power conferred by the act, and the bonds having been issued for that purpose, the action of the court in using the descriptive term "high school bonds" was not a material departure from the provision of the act. It would follow, too, that having sold

the bonds in aid of the high school to the exclusion of elementary schools, and described them as high school bonds, the court did not exceed the power conferred by section 8 of the act in levying a tax to meet interest and provide a sinking fund for the bonds.

Chapter 115, Acts of 1925, is apparently an effort to assemble all the school laws of the state. Most of its provisions may be found in prior statutes, though the act embodies some new features, these are not inconsistent with the school system. It retains county high schools as a part of the general system, and like chapter 40, Acts of 1921, requires the maintenance of at least one high school in each county. The act authorizes counties and municipalities to jointly operate schools. This provision is referred to in view of section 7, chapter 60, Acts of 1911, which requires a pro rata distribution to municipalities within the county. The consolidation under the later act obviates the necessity of such distribution.

The quarterly courts are authorized by the General School Law of 1925 to issue bonds to procure school sites and erect school buildings. The language of section 9, subsec. 8, authorizing the counties to issue such bonds, is in substance the same as section 10, chapter 60, Acts of 1911. There is nothing in the act of 1925 inconsistent with or repugnant to chapter 60, Acts of 1911. Omitting details and methods of procedure outlined in the act of 1911, their provisions are in accord. Nothing short of irreconcilable conflict between the two acts would accomplish repeal of the first act by implication. 16 C. J., 70; State v. Drummond, 160 S. W., 1082, 128 Tenn., 271;

*Blaufield* v. *State,* 53 S. W., 1090, 103 Tenn., 600; *Hunter* v. *Memphis,* 26 S. W., 828, 93 Tenn., 574.   This rule specially applies to statutes which empower counties to issue bonds.   15 C. J., 612.

There is no error in the decree of the chancellor.

Affirmed.