W. B. JOHNSON *v.* THE STATE.

(*Knoxville*. September Term, 1928.)

Opinion filed December 8, 1928.

1. CRIMINAL COSTS.

Court has discretion in taxation of costs in criminal cases. (Post, p. 529.)

Citing: Shannon's Code, sec. 7599; Shannon's Code, sec. 7619.

Cases cited: Duff v. State, 3 Shan. Cases, 785, 787.

2. CRIMINAL COSTS.

Court has authority to tax costs in case of escape of defendant, and suspension of prosecution. (Post, p. 530.)

Citing: Shannon's Code, secs. 7157-7158.

3. CRIMINAL COSTS.

Suspension of prosecution from present insanity of defendant after conviction in lower court **held** sufficiently analogous to suspension from flight to warrant taxation of costs thereunder. (Post, p. 531.)

4. CRIMINAL COSTS.

Authority of case limited to cases of suspension of prosecution after verdict of conviction. Costs prior to verdict are controlled by Chapter 20, Acts 1897, Jarvis Law and Amendments. (Post, p. 531.)

FROM JEFFERSON.

Appeal from the Circuit Court of Jefferson County. —HON. JAMES L. DRINNON, Judge.

LOVETTE & BERRY and C. T. RANKIN, for plaintiff in error.

W. F. BARRY, Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This case was brought to this court at a former term by the appeal of the plaintiff in error from a judgment rendered upon a conviction for a felony. A plea of present insanity was interposed and the plaintiff in error was committed to the Eastern Hospital for the Insane, subject to the further orders of this court. At the present term the superintendent of said hospital has reported that the plaintiff in error appears to be permanently insane, with the recommendation that he be retained as a permanent patient in said hospital.

In these circumstances the Attorney-General on behalf of the State has moved the court that judgment be rendered against the State for the costs of the case.

The statutes regulating costs in criminal cases are very definite in the specification of items which may be included in a bill of costs.

(1) Section 7619 of Shannon's Code enumerates the usual conditions upon which the costs may be adjudged against the State or the county; but it is apparent from the language of this section and of the sections immediately following that the legislative purpose expressed therein was not so much to specify the only conditions

under which costs may be adjudged, but rather to work an equitable division of such costs between the State and the several counties.

Section 7599 of Shannon's Code (all editions) is as follows:

"The court has also discretion in controlling the taxation of costs, and in no case shall the State or county be charged therewith, unless the court so order, specifying in the order the officers and witnesses whose costs are to be taxed, together with the amount due each."

In *Duff* v. *State,* 3 Shan. Cas., 785, 787, this court said:

"It is not true, as assumed by the Attorney-General, that the State pays no costs unless there be some express statute authorizing it and specifically defining the character of case in which it shall be done. It was seen to be simply impossible to foresee all the contingencies in the progress of State prosecutions where, as a matter of justice and right, the State should be required to pay the costs, and therefore the law has lodged in the courts some discretion on the subject."

We cannot impute to the Legislature, unless required by express provision of a statute, the intention to deprive clerks and other officials of earned costs in a case which has taken the turn of the case at bar; and we are constrained to hold that the discretion vested in the court by the section of the Code hereinabove quoted will authorize a judgment for costs in this case.

(2) In any felony case, in which, either before or after conviction, the defendant breaks jail, or forfeits his bond for appearance, the court is authorized by statute to strike the case from the docket, and "give judgment against the State for such costs as the State is bound to pay in case of *nolle prosequi* or acquittal of the de-

fendant.'' If the defendant in such a case is afterwards returned into custody, the case may be proceeded with as if it had not been stricken from the docket; and it necessarily follows that in the event of a final judgment upon a conviction, judgment may be rendered against the defendant for costs, notwithstanding the previous payment by the State. Shannon's Code (all editions), sections 7157-7158.

(3) The temporary or permanent suspension of a prosecution for a felony, made necessary by the present insanity of the accused, is analogous to a case suspended because of the flight of the accused. When the prosecution is terminated or suspended by the present insanity of the accused after a verdict of conviction has been returned, we think a similar judgment for costs should be entered, as when the prosecution is suspended by the flight of the accused. If the sanity of the accused should be restored and the case subsequently determined upon its merits, the final liability for costs will follow the judgment on the merits.

(4) The authority of this opinion is limited to a case in which the judgment for costs is rendered upon the suspension of a prosecution after a verdict of conviction; since, prior to a verdict, the taxation of costs is controlled by the Jarvis Law, Acts 1897, chapter 20, and subsequent amendments.

The motion of the State will accordingly be sustained, and judgment for costs will be entered against the State.

The cost of the appeal will be certified by the clerk of this court to the Comptroller of the Treasury, for payment in the manner required by law. *Procedendo* will issue to the trial court, to the end that the costs of that court may be collected in a similar manner.