Harry G. Brittain, Complainant, Appellee, *v.* T. H. Guthrie, *et al.*, Defendants, Appellants.

(*Nashville*, December Term, 1931.)

Opinion filed July 2, 1932.

EARL BEASLEY, for complainant, appellee.

W. J. SMITH, for Guthrie.

WIRT COURTNEY, for Williamson County.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Nolensville School District of Williamson County was created by Chapter 818 of the Private Acts of 1931. It was amended by Chapter 57 of the extra session following, so as to authorize the County Court to issue special school district bonds in an amount not exceeding ten thousand dollars, for the purpose of acquiring a site and erecting a school building. The bill attacks the constitutionality of the amendatory act as violative of Article II, section 29, Article I, section 8, and Article XI, section 8, the particular insistence being that the amendment (1) violates the ''law of the land'' clause, and (2) suspends a general law.

The Chancellor overruled a demurrer and held the Act unconstitutional. In this Court learned counsel for complainant below, appellee here, concede the right of

the legislature to create a special school district (see *Kee v. Parks,* 153 Tenn., 309; *McCord* v. *Marshall County,* 152 Tenn., 680; *Quinn* v. *Hester,* 135 Tenn., 374), and that such a district is a public corporation of like dignity with towns and counties.

The complaint is directed at the express provision in the act authorizing the County Court to issue these bonds without a vote of the people, either of the District, or of the County at large. It is said that by the general acts of 1923, Chap. 69, and of 1925, Chapter 115, sub-section 5 of section 9, the Legislature has declared, as "the law of the land," that before bonds shall be issued a vote of the people must be had, and that no special law is valid which discriminates in this regard in favor of, or against, a special school district.

█ It is well settled that legislation which affects a County, or its branches, in its governmental capacity, or agency, is not within the inhibition of the constitutional provisions invoked. This is plainly such legislation.

█ Nor are we able to adopt the view urged that such a special act violates the law of the land because it excepts this County, and its subdivision, from the operation of the general acts mentioned. A special act when duly passed becomes the law of that portion of the land which it affects. We are aware of no holding giving the application suggested to this language of the Constitution.

The unwisdom and possible ill consequences of legislation permitting the issuance of bonds without giving the people directly affected the right to pass thereon is urged upon us, but this is a matter of policy upon which it is not within the province of this Court to pass. The decree must be reversed and the bill dismissed.