STATE *v.* BROWN.

(*Jackson*, April Term, 1935.)

Opinion filed June 10, 1935.

JOHN D. WISEMAN, of Murfreesboro, for plaintiff in error.

C. C. JACKSON, of Murfreesboro, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The defendant was tried upon presentment for a misdemeanor and acquitted. The court adjudged that lawfully accrued costs be paid by the county upon certification to the county judge. The fees of the clerk and sheriff were certified for payment by the county. Proceeding under section 1069 of the Code, the county judge moved for a correction of the costs. The court held that the fees of the clerk and sheriff were properly taxed against the county and overruled a motion to correct the judgment.

The county appealed and insists that section 12246 of the Code forbids taxation of any costs against the county upon acquittal in misdemeanor cases. That section provides that neither the state nor any county thereof shall pay or be liable in any criminal prosecution for any costs or fees hereafter accruing except in: (1) Felony cases embraced in this subsection. (2) Small offenses where the defendant has submitted before a justice of the peace and been sent to the workhouse. (3) Cases where defendant has been convicted in a court of record and the execution upon the judgment against the defendant has been returned *nulla bona.*

Other provisions of this section relate to compensa-

tion for boarding prisoners and jurors, the costs of transcripts on appeal, fees for transporting prisoners, mileage and *per diem* of witnesses from other counties, and compensation of witnesses confined in jail to await trial in which they are to testify.

■■ The express mention in the foregoing section of the particular instance in which the county shall be liable for cost is tantamount to an express legislative declaration that there shall be no liability in any other instances. This and related sections of the Code must be considered together. They disclose a consistent legislative policy and express the purpose to circumscribe costs in criminal prosecutions. These sections of the Code were drawn from antecedent statutes on the subject. All were in existence when in *Henley* v. *State,* 98 Tenn., 665, 41 S. W., 352, 358, 1104, 39 L. R. A., 126, the court considered chapter 20, Acts of 1897. There the court said: ''The necessity of some further legislation appears from the fact that all former efforts seemingly well directed to remedy the evil and diminish criminal costs had failed in a large measure of the desired results.''

In *State ex rel.* v. *Drummond,* 128 Tenn., 271, 160 S. W., 1082, 1083, also involving the act of 1897, the court said: ''In no sense is the Jarvis Law an act granting fees and costs in criminal prosecutions against the state or county. Its operation is restrictive of such rights already existing.'' And further: ''The plan of legislation embodied in that act was to extinguish the liability of the state or any county thereof for costs and fees under statutes in force at the time, except in cases described by class in subsections 1, 2, and 3 of section 1 of the act, and in section 2 of the act. The act is

a clear repeal by implication of all statutes in force at the time of its passage fixing liability upon the state or any county thereof for costs or fees in any criminal prosecution in each case not falling within some exception in the act.''

The related sections to be considered in connection with section 12246 are sections 12247, 12248, 12249, and 12250. These sections merely indicate a rule of apportionment between the state and counties and were not intended to impair the force of 12246. Section 12247 provides:

''The state, or the county in which the offense was committed or is triable, according to the nature of the offense, pays the costs accrued on behalf of the state, *and for which the state or county is liable under the preceding section, in the following cases*:

'' (1)  When the defendant is acquitted by a verdict of the jury upon the merits.

'' (2)  When the prosecution is dismissed, or a *nolle prosequi* entered by the state.

'' (3)  When the action has abated by the death of the defendant.

'' (4)  When the defendant is discharged by the court or magistrate before indictment preferred or found, or after indictment and before verdict.''

Section 12250 provides: ''What is meant by costs in the two preceding sections is *all costs accruing under existing laws* on behalf of the state or county. . . .''

When section 12250 is considered together with the saving provision of section 12247, especially the words italized in quoting both sections, the act of 1897, as brought into the Code at section 12246, is left unimpaired as it existed when considered by the court in *Henley* v.

*State, supra,* and *State ex rel.* v. *Drummond, supra.* Under that provision of the Code the county is not liable for any costs upon acquittal in misdemeanor cases and the trial judge cannot, in his discretion, tax any portion of the costs in such cases against the county.

Section 7615 of Shannon's Code, taken from section 1, chapter 76, Acts of 1859-60, which authorized the court to exercise discretion in the taxation of costs upon acquittal, was not re-enacted by the Code of 1932. That statute is not now in force, and without it the trial judge is given no power to adjudge costs upon acquittal against the county. The discretion conferred upon the trial judge by section 12226 to control the taxation of costs in criminal prosecutions relates to cases not governed by a controlling statute. *Johnson* v. *State,* 157 Tenn., 528, 12 S. W. (2d), 388. That section confers no power upon the court to destroy the force of a statute which forbids payment of costs by the county.

It follows that the judgment of the circuit court must be reversed, and judgment entered disallowing the cost taxed against the county.