**Albert BERNARD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 5702.

Supreme Court of Wyoming.

Oct. 29, 1982.

Rehearing Denied Nov. 15, 1982.

Eric M. Alden and Raymond B. Hunkins of Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div.,

Allen C. Johnson, Sr. Asst. Atty. Gen., and Judith A.W. Studer, Legal Intern, Cheyenne, for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant was acquitted of a charge of second-degree murder. He presented a bill of costs for his expenses, including subpoena fees, witness fees, reporting fees, and exhibit expenses. The trial court, after a hearing on the matter of costs, determined that it had no authority to grant costs to an acquitted defendant who was not indigent. This is an appeal from the order denying costs to appellant.

We affirm.

■ Both parties agree that costs are not allowed in criminal cases unless a statute authorizes their recovery.

" '* * * At common law costs as such in criminal cases were unknown. As a consequence it is the rule as well in criminal as in civil cases that the recovery and allowance of costs rest entirely on statutory provisions—that no right to or liability for costs exists in the absence of statutory authorization. * * *' " *State v. Faulkner,* 75 Wyo. 104, 292 P.2d 1045 (1956).

■ Appellant argues that Wyoming statutes do give a trial court the discretion to allow costs to an acquitted defendant. First, appellant points out that Rule 20(a), W.R.Cr.P., says that the provisions of the Wyoming Rules of Civil Procedure and the Code of Civil Procedure relative to or compelling the attendance and testimony of witnesses shall extend to criminal cases, "* * * so far as they are in their nature applicable." Appellant then argues that several statutes in the Code of Civil Procedure apply to criminal as well as civil cases, and that this indicates an intent to authorize the allowance of costs to an acquitted

defendant. Even though Rule 20(a), supra, applies only to fees relative to or compelling the attendance and testimony of witnesses, appellant is apparently arguing that the Rules of Civil Procedure and Code of Civil Procedure also authorize the payment of an acquitted defendant's reporting fees and exhibit expenses.

Section 1–14–102(b), W.S.1977, says that in any civil or criminal case any party may call expert witnesses to testify. If the court finds any witness to be a qualified expert and the witness gives expert testimony which is admitted as evidence in the case, then the statute allows the trial court the discretion to charge the statutorily prescribed fees as costs against any party or to be apportioned against some or all of the parties. The statute is not applicable here, however, because there was nothing in the record to show that appellant had any witnesses who were qualified as expert witnesses testify for him.

Section 1–14–106, W.S.1977, says that in criminal cases where the fees prescribed are not paid by the defendant or the prosecuting witness, then the county shall pay the party who is entitled to the fees. It does not say that an acquitted defendant has no obligation to pay witness fees. It provides no support for appellant's argument that the statutes authorize payment of costs to an acquitted defendant. Section 1–14–116, W.S.1977, is equally inapplicable, as it merely provides that when the county is liable for costs of a criminal prosecution, the justice of the peace shall tax the cost of the prosecution or trial before him and certify the cost to the board of county commissioners.

Section 1–14–126, W.S.1977, says, "In other actions the court may award and tax costs and apportion them between the parties on the same or adverse sides as it deems right and equitable." Section 1–14–126 does not specifically mention criminal cases, as do the other statutes which appellant cites from the Code of Civil Procedure. This is perhaps where Rule 20(a), supra, might help appellant, as far as subpoena and witness fees are concerned, except that

Rule 20(a) states that the Rules of Civil Procedure and Code of Civil Procedure apply to subpoena fees and witness fees in criminal cases only "so far as they are in their nature applicable." Without a statute authorizing payment of costs to an acquitted defendant, the Rules of Civil Procedure and Code of Civil Procedure are not applicable. Costs in criminal cases are not allowed without express statutory authorization. If we were to make § 1–14–126 apply to criminal cases via Rule 20(a), we would be using a court rule to enlarge substantive rights, something which this court is not allowed to do. Section 5–2–115(b), W.S.1977, and *McGuire v. McGuire*, Wyo., 608 P.2d 1278 (1980). Appellant has presented a circuitous argument, the very nature of which undermines his contention that the statutes in the Code of Civil Procedure allow costs to an acquitted defendant.

Appellant states that this specific issue was before the court in the matter of State of Wyoming versus Charlie Loren Reese, wherein we denied the State's application to file a bill of exceptions concerning the granting of costs to the defendant. Appellant says that we would have addressed the question of whether the district court had jurisdiction to award costs to a defendant if we thought that it did not have jurisdiction, because we are duty bound to address any jurisdictional issue. *Merritt v. Merritt,* Wyo., 586 P.2d 550 (1978). Appellant in his brief contends: "Clearly in the Reese case the Supreme Court did not feel that the order awarding costs exceeded the jurisdiction of the trial court." Our decision not to allow the application for a bill of exceptions in the Reese case had nothing to do with our thoughts on the jurisdiction of a trial court to award costs to a defendant. We denied the application for a bill of exceptions because, as we said in our order filed on March 19, 1980, the

"* * * question relative to the allowance of costs to the defendant is not properly reviewable under a bill of exceptions inasmuch as the allowance of such is in the nature of a civil proceeding, which will normally come to this Court on regular

appeal after the State refuses to pay the same as not being authorized in a criminal case * * *."

By saying that we did not have jurisdiction to hear the cost question in the Reese case, this court was not saying that the district court did have the authority to grant costs to a defendant. The question concerning costs is now properly before us, as "a regular appeal after the State refuses to pay the same as not being authorized in a criminal case."

▮ Appellant also argues that since there is a statute allowing costs to a defendant acquitted of a misdemeanor offense, then it is logical to assume that the same reasoning applies in felony cases. Section 7–8–123, W.S.1977, Cum.Supp.1982, says:

"* * * In all misdemeanor cases, where the defendant is acquitted, the court or jury, before whom the case is tried, may assess the costs against the prosecuting witness or the costs of said action may be assessed against the county, but in all cases where the district attorney files the complaint, in his own name, the county shall pay the cost if the defendant be acquitted."

We are not persuaded by appellant's argument. Section 7–8–123 by its terms applies only to misdemeanors.

"The express mention * * * of the particular instance in which the county shall be liable for cost is tantamount to an express legislative declaration that there shall be no liability in any other instances. * * *" *State v. Brown,* 169 Tenn. 119, 83 S.W.2d 250 (1935).

Courts will not extend a statute to matters not falling within its express provisions. *Lo Sasso v. Braun,* Wyo., 386 P.2d 630 (1963). We will not read § 7–8–123 to include felony offenses when it speaks only to misdemeanors.

Affirmed.