HOME BLDG. & LOAN ASS'N OF MEMPHIS *v.* EDGAR J. GRAHAM, COMPT. *et al.*\*

(*Nashville*, December Term, 1926.)

Opinion filed July 15, 1927.

1. **TAXATION. Privilege. Excise tax, Acts 1923, ch. 21, was not repealed by implication by Acts 1925, ch. 134, sec. 8, providing for payment of privilege tax by building and loan associations.**
The Act of 1925 providing for payment of a specified privilege license tax, in lieu of both privilege and ad valorem tax, and in lieu of all taxes, upon shares of the shareholders of building and loan associations, did not intend to repeal the excise tax provided by Acts of 1923, chapter 21. (Post, p. 526.)

2. **SAME. Same. Building and loan associations.**
The general revenue Act (1925) providing for a land tax and privilege tax, when dealing with building and loan associations provided that such associations "shall pay to the Commissioner of Insurance and Banking, direct, a special privilege license tax, in lieu of both privilege and ad valorem taxes," meant thereby that the tax specified was to take the place of both the ad valorem and privilege taxes authorized by the Act. (Post, p. 528.)

3. **SAME. Same. Same.**
The Act of 1923 is special in character while that of 1925 is a General Revenue Act and did not repeal the earlier special one by implication. (Post, p. 527.)
Citing: Zickler v. Union Bank & Trust Co., 104 Tenn., 277; Barrett v. Maloney, 97 Tenn., 705; Iron Co. v. Pace, 89 Tenn., 707; Acts 1919, ch. 134, sec. 6.

4. **TAXATION. Privilege. "In lieu of all taxes."**
It is well established in this State to the effect that where a tax is laid in favor of the State in a general revenue bill, followed by the clause "in lieu of all other taxes," that county and municipality taxes are thereby excluded. (Post, p. 526.)

5. SAME. Same. Two or more from same person.

The Legislature may expect two or more privilege taxes from the same person. (Post, p. 527.)

6. STATUTES. Repugnancy. Repeal by implication.

The repugnancy between two statutes must be very plain and incapable of reconciliation before the court will apply the doctrine of repeal by implication. (Post, p. 527.)

Citing: Durham v. State, 89 Tenn., 726; Frazier v. R. R., 88 Tenn., 140.

---

*Headnotes 1. Licenses, 37 C. J., section 67; Statutes, 36 Cyc., p. 1087; 2. Statutes, 36 Cyc., p. 1093; 3. Licenses, 37 C. J., section 40; 4. Licenses, 37 C. J., section 13 (Anno).

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County.— HON. JOHN R. AUST, Chancellor.

NATHAN COHN and WILSON, GATES & ARMSTRONG, for Building and Loan Association.

W. F. BARRY, JR., Assistant Attorney-General, for Comptroller.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Complainant paid the Excise Tax, as provided by Chapter 21 of the Acts of 1923, under protest, and instituted this suit to recover same upon the theory that the Excise Tax Statute was repealed, by implication, by Section 8 of chapter 134 of the Acts of 1925, the portion of the section involved reading as follows:

"That every Building and Loan Association incorporated, organized or doing business under the laws of this State shall pay to the Commissioner of Insurance and Banking, direct, a specified privilege license tax, in lieu of both privilege and *ad valorem* taxes, upon its capital actually paid in, whether derived from installment or any other class of shares, and also in lieu of all taxes upon shares in the hands of its shareholders, which tax shall be paid as follows, to be paid directly to the Commissioner of Insurance and Banking:"

The governing criterion in such cases is the legislative intent, and we have no hesitancy in saying that, by the enactment of the section involved, the Legislature did not intend to repeal the Act of 1923.

In *Camden Fire Insurance Association* v. *Haston,* 282 S. W., 905, the general principle here involved was considered and decided adversely to complainant's contention.

The Act of 1923 is special in character while that of 1925 is a General Revenue Act, and we have been referred to no case where this court has held that a later general law repeals an earlier special one by implication. On the other hand, a contrary rule was announced and applied in *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn., 277.; *Burnett* v. *Maloney,* 97 Tenn., 705, and *Iron Company* v. *Pace,* 89 Tenn., 707.

An exception to the foregoing rule, based upon express legislative enactment and judicial interpretation, is well established in this State to the effect that where a tax is laid in favor of the State, in a General Revenue Bill, followed by the clause "in lieu of all other taxes," that county and municipal taxes are thereby excluded, and a statute specially authorizing the municipality to im-

pose such a tax is repealed by implication. We are not disposed to extend this rule of repeal by implication to a special statute exacting revenue for the State, particularly to cases where, in our opinion, no repeal was intended.

The repugnancy between two statutes must be very plain and incapable of reconciliation before the court will apply the doctrine of repeal by implication. *Durham* v. *State,* 89 Tenn., 728; *Frazier* v. *Railroad,* 88 Tenn., 140.

The Act of 1923 deals only with corporations and joint stock associations who are required to pay an excise tax (privilege tax) of three per centum of their net earnings. It further provides that such corporation or joint stock association "shall be entitled to a credit for all amounts so paid during the preceding twelve months under section 6, chapter 134, Acts of 1919, known as the General Revenue Bill, and any similar Act or Acts hereafter enacted."

Section 2 of the Act of 1925 contains the following clause: "nor shall this Act be construed as repealing any special Act heretofore passed, imposing a privilege tax."

The Act of 1923 was special and imposed a privilege tax. The Legislature, in its passage, intended that the tax exacted should be in addition to that provided in the existing or any subsequent General Revenue Bill. Likewise, the Legislature, in the enactment of the Act of 1925, intended that the tax exacted should be in addition to that imposed by the special Act of 1923.

As was pointed out in *Camden Fire Insurance Association* v. *Haston,* supra, the Legislature may exact two or more privilege taxes from the same person.

There is no repugnancy or conflict in the two acts here involved. The Legislature said, in effect, that the as-

sociation shall pay not less than the sum exacted in the Act of 1925, but where the liability under the Act of 1923 exceeds that amount credit shall be given for the sum so paid.

We are further of the opinion that Section 8 of the Act of 1925 is not subject to the interpretation contended for by complainants.

Construing the Act as a whole, it provided generally for a land tax and a privilege tax in favor of the State, county and municipality. But when dealing with Building and Loan Associations a different rule was employed, and instead of imposing liability in favor of the State, county and municipality for an *ad valorem* and a privilege tax it said that such association "shall pay to the Commissioner of Insurance and Banking, direct, a special privilege license tax, in lieu of both privilege and *ad valorem* taxes," meaning thereby that the tax specified was to take the place of both the *ad valorem* and privilege taxes authorized by the act.

The Act in its beginning authorized an *ad valorem* tax on all property, and provided "the imposition of a privilege tax under this Act shall not be construed as a release or exemption from an *ad valorem* tax."

Had Section 8 provided alone for a privilege tax then, under the foregoing provision, the association would have been further liable for an *ad valorem* tax, and the clause in question was inserted for the purpose of showing that the tax exacted included the *ad valorem* tax. "In lieu of both privilege and *ad valorem* taxes" refers to taxes generally dealt with in the Act, and not to taxes imposed by some special act. That such was the legislative intent is made clear by the phrase "nor shall the Act be

construed as repealing any special Act heretofore passed.''

The Chancellor sustained the demurrer and dismissed the bill, and his decree will be affirmed.