## McHENRY *v.* STATE.

### (*Nashville*, December Term, 1934.)

Opinion filed April 6, 1935.

W. P. Puryear, Jr., of Gallatin, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Plaintiff in error was presented and convicted for violating section 11208 of the Code, which provides:

"It shall not be lawful for any person to sell or tipple any intoxicating liquors, including wine, ale, and beer, as a beverage; and any one violating the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine for each offense of not less than one hundred dollars nor more than five hundred dollars, and imprisonment for a period of not less than thirty days nor more than six months."

The conviction was based upon the testimony of two boys that they purchased home-brew from plaintiff in error at her home, which they drank and became intoxicated.

By way of defense counsel for plaintiff in error invoked chapter 69, Pub. Acts 1933, the first section of which is in this language:

"That it shall hereafter be lawful in this State to transport, store, sell, distribute, possess, receive and/or manufacture beer of alcoholic content of not more than 3.2 per cent by weight, or any other beverage of like alcoholic content, subject to the privilege taxes and regulations hereinafter set out and provided, but no brewer or wholesaler of any such beverage or their agent or agents shall be permitted to make any loan or furnish any fixtures of any kind or have any interest, direct or indirect, in the business of any retailer of such beverages, or in the premises occupied by such retailer."

While this act does not purport to repeal section 11208 of the Code, it is the insistence of counsel for plaintiff

in error that it repealed or modified same by implication, so as to make it lawful to sell beer of alcoholic content of not more than 3.2 per cent. by weight, or any other beverage of like alcoholic content, so that plaintiff in error in this sale was not violating the law.

Counsel for plaintiff in error predicated his defense upon the theory that beer and home-brew were the same character of beverage, and that the state had not carried the burden of establishing that this home-brew contained more than 3.2 per cent. alcohol.

We affirmed the case upon the theory that the court could not take judicial notice that beer and home-brew were the same kind of liquor. In so holding, we overlooked the clause in the act of 1933, "or any other beverage of like alcoholic content," which has been called to our attention in the petition to rehear.

The act of 1933 does not confer an absolute right upon every one to sell beer, and like beverages, but restricts it to those only who obtain permits and pay the required tax. In order to obtain a permit, the applicant has to satisfy the county court, or a committee appointed by that court, as to his qualifications and character, and has to execute a bond for $2,000, with solvent sureties thereon. The act contains other restrictions and limitations.

It is still a violation of section 11208 to sell beer or other like beverages unless the accused has brought himself within the exception provided by the act of 1933. In this situation it is not necessary to aver in the presentment, and to prove, that the accused has not complied with the act of 1933. That is a matter of defense.

In *Wehunt* v. *State,* 136 Tenn., 223, 225, 188 S. W., 939, 940, it is said:

"The rule approved in *Matthews* v. *State* [2 Yerg. (10 Tenn.), 233], *supra,* is:

" 'When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. But on the contrary if the exceptions . . . are stated in the enacting clause, it will be necessary to negative them in order that the description of the crime may, in all respects, correspond with the statute.'

"The rule applies where the exception is so incorporated with the enacting clause that the one cannot be read without the other. *Steel* v. *Smith,* 2 Bar. & Ad., 94; *Jones* v. *Axon,* 1 Ld. Raymond, 120; [*Teel* v. *Fonda*], 4 Johns. [N. Y.], 304; note to *State* v. *Jones,* 2 Yerg. (10 Tenn.), 22, 23. It is said, in substance, in *Steel* v. *Smith,* that the rule does not apply where the language of the section is such 'that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception;' that is, where the language defining the offense is so separable from the exception that this may be done."

The necessity of negativing an exception in an indictment is thus stated in 31 Corpus Juris, 720-722:

"It is necessary to negative an exception contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be

pleaded; but it is not necessary to negative an exception in a later clause or section of the statute, or in a separate statute.''

The rule is tersely summarized by the Supreme Court of North Carolina in *State* v. *Connor*, 142 N. C., 700, 55 S. E., 787, 788, in this language:

''It is well establised that, when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same, or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negatived in the indictment.''

So that in the case under consideration section 11208 of the Code creates a substantive offense, the description of which is complete and definite, and by the subsequent act of 1933 certain cases are excepted; hence, under the rule, it is not necessary to negative these excepted cases in the indictment. In this situation the exception becomes a matter of defense. *Wehunt* v. *State, supra.* Such a defense was not established by plaintiff in error.

A correct result was reached in the former disposition of the case. It follows that the petition to rehear must be denied.