CHADRICK *v.* STATE.

(*Nashville*, December Term, 1939.)

Opinion filed March 2, 1940.

681

CHARLES H. RUTHERFORD, JR., and JAMES W. RUTHER-
FORD, both of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This appeal is from a conviction of possessing intoxi-
cating liquor in violation of what is known as the ''Bone-
dry law,'' under an indictment in four counts charging
(1) receiving, (2) possessing, (3) transporting into the
State and (4) transporting from place to place within the
State. These offenses are defined and penalties there-
for fixed in Sections 11215, 11216, 11217 and 11218 of the
Code, being a codification, somewhat modified, of Chapter
12, Acts of 1917, and Chapter 22, Acts of 1925.

682

The defendant moved below to quash the indictment on the theory that these Code Sections were repealed by the enactment by the Legislature of Chapters 49 and 194 of the Public Acts of 1939, which provide for the sale, etc., of liquor legally in such counties as elect to come within their provisions and for the enforcement of the collection of taxes incidental to such legal sales, etc.

The argument is that these Code Sections have been repealed by implication and by virtue of the general repeal provision in Section 20 of Chapter 49. There is no express repeal by reference to these sections. It must be conceded that to sustain the contention for repeal by implication of these Code Sections, an irreconcilable conflict must appear between the old and the new legislation. *State ex rel.* v. *Collier,* 160 Tenn., 403, 443, 448, 23 S. W. (2d), 897 and cases therein cited. This and our other cases all hold that repeals by implication are not favored. *McCord* v. *Marshall County,* 152 Tenn., 675, 280 S. W., 692; *Home Bldg. & Loan Association* v. *Graham,* 155 Tenn., 524, 296 S. W., 10. This, then, is the determinative question.

It will be noted that the repeal contended for is unique in that its application is limited, being restricted to those counties only which elect to come within the provisons of the new legislation. The contention leaves the Code Sections involved in full force in the State generally. And this is held in *Akers* v. *State,* 175 Tenn., 674, 137 S. W. (2d), 281, opinion by the Chief Justice, decided this day. The conviction in this case was in Davidson County, which has elected to bring itself within the provisions of the Act of 1939.

In the *Collier case, supra,* [160 Tenn., 403, 23 S. W. (2d), 911] it was said, pertinent here, that, ''One statute is not repugnant to another,'' that is, in ir-

reconcilable conflict therewith, "unless they relate to the same subject *and are enacted for the same purpose.*" The language we italicize suggests a test for application here. While the old and the new legislation may be said to relate to the same general subject, the handling and possession of liquor, it can hardly be said that the enactments were for the same purpose. The purpose of the legislation brought into the Code (Acts of 1919 and 1925) was to prohibit and prevent altogether the receipt, possession, or transportation of liquor in this State. The purpose of the Acts of 1939 was to provide for exceptions to the general law of exclusion and prohibition, to apply under particular conditions and in restricted territories, subject to detailed regulations, and to enforce collection of taxes. It is as though a proviso were added to the statutes of general prohibition. It is a quite common practice to provide, in legislation prohibiting the doing of this and that, that the prohibition will not apply upon conditions and upon terms set forth. As was said in *Clark* v. *State ex rel. Bobo,* 172 Tenn., 429, at page 445, 113 S. W. (2d), 374, 380, 782 of the Act of 1937, authorizing manufacture of liquor on conditions prescribed, "Chapter 193, Public Acts of 1937, does not repeal sections 11246 and 11247 of the Code, but by implication amends those sections so as to permit the manufacture of intoxicating liquors, for transportation without the State, in those counties of the State voting for such manufacture. The act is, in effect, a proviso ingrafted on the original law. The Legislature, having authority to prohibit the manufacture of intoxicating liquors, had the authority to provide conditions under which such manufacture would be permitted."

When thus viewed, and given the effect of an amendment to the Code provisions, it becomes plain that

no repugnancy, or irreconcilable conflict appears. In result the law then stands thus: Liquor shall not be received, or possessed or transported in this State, *except* in those counties where the people elect to have liquor possessed and sold, and then only upon conditions and subject to regulations expressly provided. We find no inconsistency here. The Act of 1939 has application only (1) in excepted territory, when carved out by local will; and (2) under exceptional circumstances and on specific conditions definitely detailed in this Act.

A reading of the first section of the Act of 1939 indicates the restricted purpose above suggested:

"Be it enacted by the General Assembly of the State of Tennessee, That hereafter it shall be lawful to manufacture, store, transport, sell, distribute, possess and receive alcoholic beverages, subject to the license, payment of taxes, limitations, regulations and conditions herein provided for," *and only* "in the counties or municipalities of this State which by local opt[i]on elections so permits as hereinafter provided."

This language plainly imports recognition of existing legislation making it *un*lawful to possess, distribute, etc., such beverages, and proceeds to prescribe exceptional conditions as to (1) licenses, etc., and (2) territory, under which these generally prohibited things may be lawfully done.

Recognition of intention merely to set up exceptions to the existing laws rather than to repeal them runs through the various sections of the Act. For illustration, paragraph (8) of Section 12 provides that no person "shall bring or carry into this State for delivery or use in this State any alcoholic beverages *unless* the same shall be consigned to" one "duly licensed under this Act." And, again, by paragraph (2) of Section

14, "It shall be unlawful, *except* as permitted in this Act," just as heretofore, "for any person to import or transport . . . into the State of Tennessee, any alcoholic beverages," etc. (Italics ours.)

█ Plaintiff in error was found in possession of a considerable quantity of alcoholic beverages on which, while located within a territorial area which had been conditionally set apart for lawful possession thereof, no tax had been paid, and as to which none of the conditions and regulations prescribed by this Act had been complied with. Not having met the conditions provided by the enacted exceptions, the possession was unlawful under the Code Sections to which the indictment is related.

The State relies, as direct authority here, upon the opinion of Mr. Justice McKINNEY, on the rehearing in the case of *McHenry* v. *State,* 168 Tenn., 667, 669, 80 S. W. (2d), 655, wherein the defendant was convicted of violation of Code section 11208 declaring it to be unlawful for any person to sell intoxicating liquors, including beer, etc. We quote from that opinion:

"By way of defense counsel for plaintiff in error invoked chapter 69, Pub. Acts 1933, the first section of which is in this language:

"' 'That it shall hereafter be lawful in this State to transport, store, sell, distribute, possess, receive and/or manufacture beer of alcoholic content of not more than 3.2 per cent by weight, or any other beverage of like alcoholic content, subject to the privilege taxes and regulations hereinafter set out and provided, but no brewer or wholesaler of any such beverage or their agent or agents shall be permitted to make any loan or furnish any fixtures of any kind or have any interest, direct or

indirect, in the business of any retailer of such beverages, or in the premises occupied by such retailer.'

"While this act does not purport to repeal section 11208 of the Code, it is the insistence of counsel for plaintiff in error that it repealed or modified same by implication, so as to make it lawful to sell beer of alcoholic content of not more than 3.2 per cent. by weight, or any other beverage of like alcoholic content, so that plaintiff in error in this sale was not violating the law. . . .

"The act of 1933 does not confer an absolute right upon every one to sell beer, and like beverages, but restricts it to those only who obtain permits and pay the required tax. In order to obtain a permit, the applicant has to satisfy the county court, or a committee appointed by that court, as to his qualifications and character, and has to execute a bond for $2,000, with solvent sureties thereon. The act contains other restrictions and limitations.

"It is still a violation of section 11208 to sell beer or other like beverages unless the accused has brought himself within the exception provided by the act of 1933."

The analogy is obvious, and the principle announced is equally applicable to the contention made in the instant case. Certainly an anomalous condition would be presented by holding that we could lawfully possess intoxicating liquor which had not been sold and taxed and stamped as provided by the Act of 1939, since this Act expressly makes it an offense punishable by fine and imprisonment to transport it, Sections 13 (5), 14 (2), to accept or receive it, Section 3 (8), to buy it, Section 14 (2), with a further provision that possession of it shall be *prima facie* evidence that it is possessed with intent to sell or distribute contrary to law, Section 13 (7); and provides further by Section 19, that "All al-

coholic beverages as defined by this Act which are or shall be owned or possessed by any person in avoidance, evasion or violation . . . of this Act are hereby declared to be contraband,'' etc.

Counsel for plaintiff in error quote, and rely on as applicable, the following form *Melton & Tanner* v. *State,* 160 Tenn., 273, 23 S. W. (2d), 662, 663:

''No principle of the law is better settled than that a statute purporting to cover an entire subject repeals all former statutes upon the same subject, either with or without a repealing clause, and this notwithstanding the fact that it may omit material provisions of the earlier statutes;'' citing *Railroad* v. *Sadler et al.,* 91 Tenn., 508, 19 S. W., 618, 30 Am. St. Rep., 896; *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn., 277, 282, 57 S. W., 341; *Turner* v. *State,* 111 Tenn., 593, 606, 69 S. W., 774; *Haley* v. *State,* 156 Tenn., 85, 299 S. W., 799.

We approve this statement of the law, but we do not find the Act before us ''purporting to cover an entire subject.'' On the contrary, we find the purport and purpose of this Act, as hereinbefore indicated, to be to provide for exceptional conditions under which, when complied with, alcoholic beverages may be lawfully sold, possessed, etc. The enactment of these exceptions is in no wise inconsistent with, but is in recognition of, the existing legislation on the general subject. Plaintiff in error not having brought himself within these exceptions, the judgment is affirmed.