AKERS *v.* STATE.

(*Nashville,* December Term, 1939.)

Opinion filed March 2, 1940.

C. C. JACKSON and C. L. CUMMINGS, both of Murfrees-boro, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was found by the jury trying him to have been guilty of the offense of the unlawful possession of intoxicating liquors and they fixed his fine at $400. To this the court added a workhouse sentence of ninety days, and from the judgment below the defendant has appealed in error.

Numerous assignments of error are made in this court, but three of these assignments of error only are pressed upon us in brief and argument and our consideration may be confined to a discussion of these three contentions.

It is first urged that the court below erred in not sustaining the defendant's motion to quash the indictment. The indictment charged the defendant with the possession of intoxicating liquors. The argument is that since the enactment of chapter 69 of the Public Acts of 1933, the possession of beer in this State is not unlawful. It is therefore insisted that the indictment herein should have negatived any possession of beer by the defendant. This matter has been decided to the contrary in *McHenry* v. *State,* 168 Tenn., 667, 80 S. W. (2d), 655.

It is next urged that chapter 49 of the Public Acts of 1939 worked a repeal by implication of sections 11215 et seq., of the Code prohibiting the reception, possession and transportation of intoxicating liquors. The Act of 1939 was what is commonly called a local option statute and made the reception, possession and transportation of liquors lawful in such counties as in a favorable election approved these changes.

The Act of 1939, on its face, could not possibly be treated as a repeal by implication applicable to the whole State of the previous liquor laws.

Section 17 of chapter 49 of the Acts of 1939 is in these words: "That in the several counties in which no

local option election is held, or if held a majority of votes cast therein are against local option, then as to that county nothing in this Act shall be so construed as to modify in any respect the statutes now in force relating to the manufacture, sale, transportation, or possession of intoxicating liquors, but the same shall remain in full force and effect.''

As we understand the argument, counsel contend that section 17 is unconstitutional, in violation of Section 8 of Article 1 of the Constitution and Section 8 of Article 11 of the Constitution, in that it creates an arbitrary and unreasonable discrimination in favor of, or against, citizens of particular counties of the State. This argument is no doubt fully answered by the opinion of this court in *Clark et al.* v. *State ex rel. Bobo,* 172 Tenn., 429, 113 S. W. (2d), 374, 782.

 Furthermore, if section 17 of the Act were held unconstitutional and stricken out of the statute, the defendant's situation would be no wise improved. The elision of this section of the statute would beyond doubt bring chapter 49 of the Acts of 1939 in conflict with Section 17 of Article 2 of the Constitution and render the whole Act bad.

The caption of chapter 49 of the Acts of 1939 is as follows:

''An Act to legalize, regulate, and control the manufacture, sale, receipt, possession, storage, transportation and distribution of, and traffic in, alcohol beverages, in counties and municipalities of this State, after local option elections are held and, by majority vote, the qualified voters approve the same; to provide for local option elections for said purpose; to levy taxes upon such beverages and provide for license, and the means of collection thereof, for those engaged in such business; to add

to the powers and duties of the Commissioner of Finance and Taxation; to define what are violations of this Act and fix penalties for such violation; and to repeal all laws in conflict with this Act."

It will be observed that the caption states the purport of the Act to be the legalization, regulation and control of intoxicating liquor "in counties and municipalities of this State, after local option elections are held and, by majority vote, the qualified voters approve the same." That is to say the Act is to have effect only in such counties of the State as, in an election, vote to come under its provisions. If we strike section 17 from the statute and make the statute effective in every county of the State, regardless of local option elections in those counties, necessarily the Act becomes far broader than its caption in plain violation of Section 17 of Article 2 of the Constitution which condemns an Act'of the Legislature unless the subject of that Act be expressed in its title.

The court is slow to resort to the expedient of elision at any time and certainly would not do any such thing if thereby an Act of the Legislature was destroyed, instead of being saved.

In addition to the foregoing, section 18 of chapter 49 of the Acts of 1939 contains these words:

"That if any portion of this Act other than the referendum election provisions for any reasons shall be held to be unconstitutional or invalid by any court of competent jurisdiction, the same shall not affect the other provisions of this Act as the General Assembly would have enacted same with any or all of such remaining portions of this Act only included.

"Provided that if the referendum election provisions of this Act, or any part thereof, as contained in Section 16 or elsewhere, be held unconstitutional, or invalid, void,

or ineffective, for any reason, in whole or in part, this (then) the entire Act must fail as said provisions shall not be severable, and no part of the Act would have been passed without said provisions being contained therein as valid provisions.''

■ The second paragraph of section 18, in as many words, makes the referendum election provisions, and all parts thereof, inseparable parts of the statute. Section 17 is an integral part of the referendum election provisions, and the Legislature has declared that the destruction of this integral part is to be treated as a destruction of the entire Act. The language of section 18 is that ''no part of the Act would have been passed without said provisions being contained therein as valid provisions.''

To sum up and to speak in the vernacular, chapter 49 of the Acts of 1939 cannot have effect save as a local option law. If a local option law is not constitutional, then there has been no modification of the earlier liquor laws and the whole State remains bone dry.

■ For the reasons stated, we think that the assignments of error interposed by the defendant must be overruled. It does seem, however, that the punishment visited upon the defendant was rather severe and we think the fine of $400 is sufficient without the workhouse sentence. The judgment here will be modified accordingly, otherwise affirmed.