DANIELS *v.* STATE.

(*Nashville,* December Term, 1939.)

Opinion filed May 18, 1940.

Howard Butler, of Nashville, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendant was arraigned upon a presentment which in four paragraphs thereof charged him with violating several provisions of the so-called bone dry law contained in sections 11215-11218 of the Code. The fifth count charged that he "unlawfully did possess certain intoxicating liquors without having affixed thereto the liquor revenue tax stamps as provided by chapter 49, Public Acts of the General Assembly of the State of Tennessee, for the year 1939," in Davidson County, a local option county, under the further provisions of the said Act of 1939.

Proof introduced showed that defendant did have in his possession five gallons of whiskey not bearing the Tennessee revenue stamp.

The bill of exceptions, at the conclusion of the evidence, contains this recital:

"This was all of the evidence in the above styled cause. The presentment in this case was in two counts, the first of which was a count covering the old bone dry law, which the State recommended a verdict of not guilty and which the court charged the jury.

"The second count was for possessing unstamped whiskey in violation of chapter 49 of the Public Acts of 1939, which count was in words and figures as follows" —the fifth paragraph of the presentment then being set out.

The jury returned a verdict finding the defendant guilty "of unlawfully possessing intoxicating liquor and assessed his fine at $75." Judgment was entered upon the verdict.

From the foregoing it appears that the trial judge directed a verdict of not guilty upon that count or that part of the presentment "covering the old bone dry law." Chapter 49 of the Acts of 1939 does not make the bare possession of liquor in containers not bearing the Tennessee revenue stamp an offense, except by a "retail outlet." Sec. 13(6). Possession of such liquors in general is only made *prima facie* evidence of possession "with the intent to sell or distribute the same contrary to law." Sec. 13(7).

The presentment herein, in its fifth paragraph, does not charge the defendant with being a "retail outlet." It charges him merely with the possession of liquor.

It follows, therefore, that the defendant was not charged with any offense created by the Act of 1939 and by direction of the court he was acquitted of guilt under those paragraphs or counts of the presentment covering the old bone dry law.

The defendant's possession of this liquor was illegal under the bone dry law, for the bone dry law is still in force all over the State with certain exceptions and under certain conditions in certain localities, as noted in *Chadrick* v. *State,* 175 Tenn., 680, 137 S. W. (2d), 284.

Defendant's possession of the liquor in this case

did not fall under the exceptions to the bone dry law and he might have been found guilty under that law. A judgment of conviction under that law cannot, however, be entered in the face of the directed verdict acquitting defendant of such guilt. As above seen, defendant was charged with no offense under chapter 49 of the Acts of 1939.

For another reason the judgment herein must be reversed. The minimum fine that a jury is permitted to fix for a violation of the bone dry law is $100 except in a case where there is possession of less than a quart of liquor. Code 1932, section 11221. The jury here fixed the fine at $75. This was a void verdict. The court is without power to fix the minimum statutory fine by reason of the constitutional provision. Const. Art. VI, sec. 14.

Reversed.