## RENFRO v. STATE.

### (*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

D. A. VINES and THOS. E. MITCHELL, both of Johnson City, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, Clay Renfro, hereinafter referred to as defendant, was indicted for the unlawful possession of intoxicating liquor. Upon his trial he was found guilty and his punishment fixed at a fine of $125, and a sentence of six months' imprisonment in the county jail. He has appealed to this court and assigned errors.

It is complained that there is no evidence to support the verdict of the jury and that the evidence preponderates in favor of the innocence of defendant.

E. W. Sells, sheriff of Washington County, being the prosecutor in the case, testified in substance that he had been acquainted with defendant for several years and had occasion to be in his place of business in the month of August, 1939, in company of T. C. Ozment, Alcoholic Investigator of the State of Tennessee; that upon a search they found 13½ cases of stamped whisky. He admits that they acted without a search warrant.

T. C. Ozment, witness for the State, testified that he purchased a pint of whisky from defendant on the same date that he took the sheriff to defendant's place. He was asked:

"Q. Who had the whisky there? A. Renfro came out to the car, I asked him for one brand, and he said he didn't have it, and named over two or three different brands, and told him, well give me that. He walked on back in the place and I walked behind him and I stayed

in at the counter, and he brought it out in a sack and I gave him $1.25."

On the objection of the defendant the court excluded the testimony with reference to the 13½ cases of whisky on the ground that the officers had no search warrant. The case went to the jury under the instructions of the trial judge upon the pint of whisky which had been purchased by the witness, Ozment, to which defendant saved exception upon the ground that the one pint of whisky was not included in the indictment.

The indictment charges that on the 12th day of August, 1939, defendant "then and there, unlawfully did possess thirteen and one-half cases of . . . intoxicating liquors, . . ., in Washington County, Tennessee, a county wherein the sale and possession of intoxicating liquors is prohibited . . ."

We think the one pint of whisky was included in the indictment. He was possessed of this whisky on that same day and on the same premises as he was possessed of the thirteen and one-half cases of whisky. It was all one possession. The defendant could not have been prosecuted for the possession of the pint of whisky and separately prosecuted for the possession of the thirteen and one-half cases of whisky. *Zimmerman* v. *State*, 173 Tenn., 673, 122 S. W. (2d), 436. Defendant's contention would lead to the erroneous conclusion that an accused could be separately indicted for each bottle or container of liquor found in his possession. There was no variance between the indictment and the evidence.

It is next contended, in substance, that before a conviction could be had in the case it was incumbent on the State to prove that Washington County was a dry county; that courts will not take judicial notice that Washington County is a county that had voted against the legalization of the possession and sale of intoxicating liquors, or had

voted upon the subject at all. It is argued that the fact that defendant did possess whisky bearing the stamp of the State of Tennessee is a presumption within itself, nothing appearing to the contrary, that the pint of whisky possessed by the defendant was in a county wherein its possession was not illegal.

In *Chadrick* v. *State*, 175 Tenn., 680, 137 S. W. (2d), 284, this court, after an analysis of the relevant statutes, held that the local option law (Public Acts 1939, Chapters 49 and 194) making receiving, possession, and transportation of intoxicating liquors lawful has application only in excepted territory, when carved out by local will, and under exceptional circumstances and on specific conditions definitely detailed in the acts. Defendant did not show that the conditions and regulations prescribed by local option law had been complied with by him. The "bone dry law," Code 1932, sections 11215, *et seq.*, prohibiting the receiving, possession and transporting from place to place within the State was not repealed by implication by enactment of the local option law, since, as was held in *Chadrick* v. *State, supra,* the purpose of the local option law was to provide exceptions to the general law of exclusion and prohibition, to apply under particular conditions and in restricted territory, subject to detailed regulation. To like effect, see *McHenry* v. *State,* 168 Tenn., 667, 669, 80 S. W. (2d) 655; *Clark* v. *State ex rel.,* 172 Tenn., 429, 445, 113 S. W. (2d), 374, 782.

Defendant did not bring himself within the exceptions to the bone dry law set forth in the local option law. The burden rested upon him to show that the possession of the one pint of whisky was legal under the local option law.

Our conclusion is that all of the assignments of error are without merit, and the judgment of the trial court must be affirmed.