JAMES ROBERT CURTIS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

409 S.W.2d 352.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

CARTER SCHOOLFIELD, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, Nashville, for defendant in error; and EDWARD E. DAVIS, District Attorney General, Chattanooga, prosecuted the case for the State in the Trial Court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Hamilton County, Tennessee.

On July 22, 1964, the defendant below, plaintiff in error here, James Robert Curtis, was indicted for the felonious transportation of intoxicating liquors. The indictment charged the defendant, in pertinent part, as follows:

"That James Robert Curtis heretofore on the 1st day of June, 1964, in the County aforesaid, did unlawfully and feloniously personally transport intoxicating liquors, to-wit: Whiskey in quantities of one gallon or more, from a point in said county unknown to the

grand jurors to another point in said county, against the peace and dignity of the State.''

\* \* \* \* \* \*

''That James Robert Curtis heretofore on the day and date aforesaid, in the county aforesaid, did unlawfully and feloniously personally transport intoxicating liquors, to-wit: Whiskey, in quantities of one gallon or more from a point outside said county, unknown to the grand jurors, to a point in said county, against the peace and dignity of the State.''

The trial judge chose only to charge the jury with respect to defendant's guilt of illegal possession of intoxicating liquor—and did not charge upon felonious and unlawful transportation of intoxicating liquor. The defendant was convicted of unlawful possession of intoxicating liquor, fined $350.00 and sentenced to six months in the Hamilton County Workhouse. Defendant timely made a motion for a new trial, which was overruled. Appeal has been perfected to this Court.

The brief filed on behalf of the defendant below contains the following assignment of error:

''That the Court erred in not sustaining the motion for a new trial based on ground three (3) of the said motion, in that he was not charged with the offense of 'possession of unstamped whiskey.'

The appellant respectfully submits to the Court that the Court erred in not granting a new trial in this case because the indictment in question was apparently found on the 'Bone Dry Law' relative to the 'transportation of whiskey' which is found in section 39-

2501—39-2529 of the Tennessee Code Annotated, the pertinent part being section 39-2509, which states:

'*Personal Transportation of Intoxicating Liquor— Penalty.—*

It shall be unlawful for any person personally to transport into this state, or from one (1) point to another within this state, for personal use or for any other purpose, intoxicating liquors, including wine, ale and beer, in any quantity whatever; provided that if the intoxicating liquor so transported shall be a felony punishable by imprisonment in the penitentiary for a term of not less than one (1) year and one (1) day and not more than five (5) years.'

It is noted that the indictment in this case does not in any way, mention unstamped whiskey or that the whiskey did not contain the necessary tax stamps as required by section 57-131—57-132, of the Tennessee Code Annotated, under which the Court charged the jury (Technical Record, pg. 51.) The indictment is silent as to the question of the liquor being unstamped.''

█ It is the opinion of this Court that this assignment of error presents two questions. The first question is whether or not the crime of possession of intoxicating liquor, as set out in T.C.A. sec. 39-2507 is a lesser included offense under the crime of personal transportation of intoxicating liquor, provided for in T.C.A. sec. 39-2509. The brief submitted on behalf of defendant urges that the opinion of this Court in the case of *Looney v. State* (1928) 156 Tenn. 337, 1 S.W.2d 782, is authority for the position that the crime of possession of intoxicating

liquor is not a lesser included offense under the crime of personal transportation of intoxicating liquor. In *Looney v. State,* supra, the defendant had been convicted of unlawful transportation of liquor and the Court concluded that the evidence did not support this conviction. There was not present in that case any question of whether or not possession of intoxicating liquor was a lesser included offense. However, the opinion of this Court in *Turpin v. State* (1938) 173 Tenn. 138, 114 S.W. 2d 953, is direct authority for the proposition that unlawful possession of intoxicating liquor is a lesser included offense under the crime of unlawful transportation of intoxicating liquor.

■■ The second question raised by this assignment of error is whether or not the indictment is insufficient because it fails to specify why the transportation or possession was unlawful. T.C.A. sec. 39-2509 makes it unlawful to transport intoxicating liquor, and T.C.A. sec. 39-2507 makes it unlawful to possess intoxicating liquor, except where the transportation or possession is lawful under T.C.A. sec. 26-707 through 26-710, or under Title 57 of T.C.A. Thus, it appears that an indictment is sufficient if it simply charges either unlawful possession or unlawful transportation. If so, it is then incumbent upon the defendant to show that the possession or transportation was lawful under the aforementioned Code sections. See *McHenry v. State* (1935) 168 Tenn. 667, 80 S.W.2d 655, and *Akers v. State* (1940) 175 Tenn. 674, 137 S.W.2d 281. Under the above authorities, it was unnecessary for the indictment in this case to charge that the reason the transportation was illegal was because the liquor was untaxed.

Judgment of the trial court is affirmed, with the costs of this appeal assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.