BENNIE JUDKINS, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

458 S.W.2d 801

(*Nashville,* December Term, 1969.)

Opinion filed October 5, 1970.

JOE P. BINKLEY, JR., Nashville, for plaintiff in error.

DAVID M. PACK, Attorney General and Reporter, ARNOLD PEEBLES, JR., Assistant Attorney General, Nashville, and J. ALONZO BATES, Attorney General, Centerville, for defendant in error.

Mr. Justice Creson delivered the opinion of the Court.

This cause comes to this Court from the Court of Criminal Appeals by writ of certiorari heretofore granted.

In the course of this opinion the parties will be referred to as they appear in the trial court; that is, plaintiff in error, Bennie Judkins, as defendant, and defendant in error as the State.

On January 8, 1969, defendant was charged in a presentment with selling alcoholic beverages, to-wit, whiskey, without having first applied for and procured a retailer's license as required by T.C.A. sec. 57-117. Defendant Judkins pled not guilty and, upon trial on January 28, 1969, the jury returned a verdict against him and fixed punishment at a fine of $250.00 and a jail term of sixty (60) days. Motion for a new trial was filed and denied. Defendant's conviction was affirmed by the Court of Criminal Appeals, and this Court granted certiorari.

As the case is posed here, the primary question before this Court is whether the trial judge's allegedly erroneous instruction to the jury was a prejudicial and reversible error.

As stated above, the defendant was indicted under T.C.A. sec. 57-117, captioned Retailer's Licenses—Fees—Permits for employees—Renewal. The penalty for violating T.C.A. sec. 57-117 is set out in T.C.A. 57-148 as follows:

> "Any person who shall violate any provision of secs. 57-106—57-151 shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than twenty-five dollars ($25.00) nor more than five hundred dollars ($500), and, in the discretion of the court, imprisoned not less than thirty (30) days, nor more than six (6) months."

As the record shows, however, the trial judge's instruction to the jury with regard to defendant's punishment, was based upon an entirely different statute; T.C.A. sec. 39-2502, captioned, Sale of Intoxicating Liquor—Penalty.

> "It shall not be lawful for any person to sell or tipple any intoxicating liquors, including wine, ale, and beer, as a beverage; and any one violating the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine for each offense of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), and imprisonment for a period of not less than thirty (30) days nor more than six (6) months. (Acts 1909, Ch. 1, sec. 1; Shan., sec. 6795; Mod.Code 1932, sec. 11208.)"

It is clear that the trial judge instructed the jury under the old "bone-dry" statute, making it unlawful to sell intoxicating liquors with or without a license. This statute has been superseded in Williamson County by resolution (Williamson County Quarterly Court, October term, 1939), pursuant to Public Acts of Tennessee 1939, Chapter 49, Section 1, now codified as T.C.A. sec. 57-107. Defendant was indicted for the violation of T.C.A. sec. 57-117 (Public Acts of Tennessee 1939, Chapter 49, Section 8), selling whiskey "without having first applied for and procured a retailer's license * * *." The Court of Criminal Appeals recognized this error but ruled it harmless because the amount fixed by the jury, $250.00, was "within the limits authorized for the offense in the instant case, and the defendants were not prejudiced by the fact that the trial judge instructed the jury an incorrect amount for the minimum allowable."

Also, the State's argument supports the Court of Criminal Appeals, supra, that the trial judge's instruction was not excepted to as erroneous by defendant's counsel at the time the charge was given. However, the State does admit in its brief the "strong possibility" that this case may be reversed "on the authority of *Bowmer v. State* (1928), 157 Tenn. 124, 6 S.W.2d 326."

In *Bowmer v. State,* supra, the defendant was indicted under Section 6451 of Shannon's Code for the crime of rape. This Court found that "the trial judge charged the jury that the indictment for rape founded on Section 6451 of Shannon's Code included 'an attempt' to have carnal knowledge of a female forcibly and against her will." The trial judge concluded then that punishment

should be assessed "at not less than ten (10) years nor more than twenty-one (21) years in the Penitentiary" as set out in Section 6459 of Shannon's Code. Justice Cook, writing for this Court, held that the jury was charged erroneously; that Section 6471 of Shannon's Code correctly prescribes the punishment for an "attempt to commit rape", and not Section 6459.

> "The offense disclosed by the proof and found and reported by the jury was an attempt, and was punishable by confinement in the penitentiary not exceeding 5 years. The verdict and judgment thereon assessing 10 years' imprisonment in the penitentiary was not authorized by the statute, and, because the trial judge, by the instruction given, caused the jury to assess punishment not authorized by the statute, the judgment must be reversed, and the cause remanded."

Prior decisions of this Court on the subject generally of variance between the indictment and the instruction to the jury are to the same effect. *Huffman v. State* (1956), 200 Tenn. 487, 292 S.W.2d 738; *Church v. State* (1960), 206 Tenn. 336, 333 S.W.2d 799.

In the instant case, the defendant was convicted and punished for an offense different from that for which he was indicted. Further, T.C.A. sec. 39-2502, the basis of the trial judge's instructions and this section makes mandatory a fine *and* a period of imprisonment; whereas, T.C.A. sec. 57-148, the section prescribing the penalty for violation of 57-117 under which defendant was indicted, makes mandatory only a fine; a period of imprisonment being within the discretion of the trial judge.

Under the authority of *Bowmer v. State* and other cases cited, this case must be reversed and remanded for new trial. Having decided this question, it is not necessary to respond to other questions raised by the defendant in his appeal and petition.

Reversed and remanded.

DYER, CHIEF JUSTICE, and CHATTIN and HUMPHREYS, JUSTICES, concur.

McCANLESS, JUSTICE, not participating.