**STATE of Tennessee, Appellant,**

v.

**Raymond UNDERWOOD, Appellee.**

Court of Criminal Appeals of Tennessee, At Knoxville.

Dec. 19, 1980.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Kim A. Tollison, Asst. Dist. Atty. Gen., Knoxville, for appellant.

R. Dwight Foster, Knoxville, for appellee.

## OPINION

CORNELIUS, Judge.

The State of Tennessee appeals the dismissal of two presentments against Raymond Underwood. The State presents a single issue, that the presentments were sufficient. We reverse the judgment of the Trial Court and remand for further proceedings.

In the first count of each presentment Underwood is charged, in the words of T.C.A. § 39-2527, with illegal stocking intoxicating liquor for sale. The second counts charge the unlawful sale of liquor in the words of T.C.A. § 39-2502. One presentment contains a third count which alleges a prior conviction in the words of T.C.A. § 39-2528. Prior to trial, Underwood moved for dismissal on the grounds that Knox County had elected to come under the provisions of Title 57 of Tennessee Code Annotated, the Local Option Statute. He insists the "bone dry" statute are no longer applicable to Knox County.

The State concedes that Knox County has adopted the provisions of Title 57 T.C.A. However, the State argues that the burden is on the defendant, who is indicted under the "bone dry" statutes to show the possession or acts were legal under local option laws.

The Trial Court, in ruling upon the motion to dismiss, held that the defendant did not have to prove his innocence; that the State had to prove him guilty. The Court further found that the charges the State had placed against Underwood are under laws which no longer apply to Knox County.

We agree with the trial judge that the burden of proof is upon the State. The State must prove each essential element of the offenses alleged. *State v. McLerran*, Tenn., 604 S.W.2d 841, 845. The Assistant District Attorney General acknowledged the State was prepared to prove the defendant did not have a license.

The determinative question on this appeal is, can Underwood be prosecuted under the "bone dry laws" in wet Knox County?

*Clark et al. v. State ex rel. Bobo*, 172 Tenn. 429, 113 S.W.2d 374 (1938) considered Chapter 193, Public Acts of 1937 (Local Option), in connection with the issue of manufacturing liquors in Lynchburg, Moore County, Tennessee, the home of Jack Daniels Distillery. Justice DeHaven, writing for the Court, Justice Cook dissenting in part, laid the foundation for the co-existence of "bone dry" and "Local Option" as follows:

"It is the insistence of complainants that the act shows on its face that it is not original legislation and that same is not complete in itself, since the act is without meaning unless it is read in connection with sections 11246 and 11247 of the Code.

The manufacture of intoxicating liquors in prohibited in Tennessee by the sections of the Code just above mentioned. In *Motlow v. State*, 125 Tenn. 547, 145 S.W. 177, L.R.A. 1916F, 177, it was held that the Legislature had the constitutional power to prohibit the manufacture of intoxicating liquors for sale and exportation to other states and countries. Chapter 193, Public Acts of 1937, does not repeal sections 11246 and 11247 of the Code, but by implication amends those sections so as to permit the manufacture of intoxicating liquors, for transportation without the State, in those counties of the State voting for such manufacture. The act is, in effect, a proviso ingrafted on the original law. The Legislature, having authority to prohibit the manufac-

ture of intoxicating liquors, had the authority to provide conditions under which such manufacture would be permitted. In *Schulherr v. Bordeaux*, 64 Miss. 59, 8 So. 201, 202, a case dealing with a local option law, the court said:

'The law existing before, and this act, together, evince the will of the legislature to be that the sale of liquors shall be prohibited or permitted, and licenses granted, if at all, as the voters of a county may decide at an election to be held for the purpose, if applied for, and, if no election is held, the matter is to remain as before. The act is a valid law, and must be upheld as such.' "

Our Tennessee's Supreme Court, two years after *Clark*, supra, had before it two liquor cases. *Akers v. State*, 175 Tenn. 674, 137 S.W.2d 281, 283 (1940), wherein the co-existence of Bone Dry and Local Option was re-affirmed. *Chadrick v. State*, 175 Tenn. 680, 137 S.W.2d 284 (1940), presented the Court with an appeal of a conviction of possessing intoxicating liquor in violation of the "Bone Dry Law", under an indictment of four counts charging (1) receiving, (2) possessing, (3) transporting into the State, and (4) transporting from place to place within the State. Chadrick moved the Davidson County Criminal Court to quash the indictment on the theory that these code sections were repealed by enactment by the Legislature of Chapters 49 and 194 of the Public Acts of 1939 (Local option expansion for retail sale, etc.) *Chadrick*, supra, re-affirmed *Clark*, supra, by repeating that, "the Act is, in effect, a proviso ingrafted on the original law." The *Chadrick* court then reasoned as follows:

"When thus viewed, and given the effect of an amendment to the Code provisions, it becomes plain that no repugnancy, or irreconcilable conflict appears. In result the law then stands thus: Liquor shall not be received, or possessed or transported in this State, *except* in those counties where the people elect to have liquor possessed and sold, and then only upon conditions and subject to regulations expressly provided. We find no inconsistency here. The Act of 1939 has application only (1) in excepted territory, when carved out by local will; and (2) under exceptional circumstances and on specific conditions definitely detailed in this Act."

The *Chadrick* opinion concludes with the statement:

"The enactment of these exceptions is in no wise inconsistent with, but is in recognition of, the existing legislation on the general subject. Plaintiff-in-error not having brought himself within these exceptions, the judgment is affirmed."

In 1940, the Supreme Court decided *Daniels v. State*, 176 Tenn. 181, 140 S.W.2d 148 (1940). Daniels' was arraigned (and tried) upon a presentment which, in four paragraphs thereof, charged him with violating several provisions of the so called "bone dry" law. The fifth count charged violation of Chapter 49, Public Acts of Tennessee for 1939, in Davidson County, a local option county under the further provisions of the said act of 1939. The trial judge directed a verdict of not guilty on that part of the presentment "covering the old bone dry law". Chief Justice Green, writing for the court held:

"[1] The presentment herein, in its fifth paragraph, does not charge the defendant with being a 'retail outlet.' It charges him merely with the possession of liquor.

It follows, therefore, that the defendant was not charged with any offense created by the Act of 1939 and by direction of the court he was acquitted of guilt under those paragraphs or counts of the presentment covering the old bone dry law.

█ The defendant's possession of this liquor was illegal under the bone dry law, for the bone dry law is still in force all over the State with certain exceptions and under certain conditions in certain localities, as noted in *Chadrick v. State*, 175 Tenn. 680, 137 S.W.2d 284.

█ Defendant's possession of the liquor in this case did not fall under the exceptions to the bone dry law and he might have been found guilty under that law. A judgment of conviction under that law

can not, however, be entered in the face of the directed verdict acquitting defendant of such guilt. As above seen, defendant was charged with no offense under chapter 49 of the Acts of 1939."

In 1966, the Supreme Court had before it *Curtis v. State*, 219 Tenn. 258, 409 S.W.2d 352 (Tenn.1966), and found sufficient the indictment charging Curtis with the felonious transportation of intoxicating liquors in quantities of one gallon or more within Hamilton County. The *Curtis* court wrote:

"T.C.A. § 39–2509 makes it unlawful to transport intoxicating liquor, and T.C.A. § 39–2507 makes it unlawful to possess intoxicating liquor, except where the transportation or possession is lawful under T.C.A. §§ 26–707 through 26–710, or under Title 57 of T.C.A. Thus, it appears that an indictment is sufficient if it simply charges either unlawful possession or unlawful transportation. If so, it is then incumbent upon the defendant to show that the possession or transportation was lawful under the aforementioned Code sections."

In 1969, the Supreme Court again re-affirmed that, the "bone dry" law is still in force all over Tennessee with certain exceptions and under certain conditions in certain locations. (citation omitted). The Court said, "In cases of this kind the burden is on the defendant, who is now plaintiff-in-error, who is indicted under the "bone dry" law to show the possession was legal under the local option law." *Davidson v. State*, 223 Tenn. 193, 443 S.W.2d 457.

In 1970, the Supreme Court had before it *Judkins v. State*, 224 Tenn. 587, 458 S.W.2d 801 (1970). Judkins had been charged in a presentment with selling whiskey without having first applied for and procured a retailer license as required by Title 57 of the Tennessee Code Annotated. He was tried and convicted but the record showed that the jury had been instructed as to punishment under the "bone dry" statute, T.C.A. § 39–2502. The Court held Judkins was convicted and punished for an offense different from that for which he was indicted. The judgment of the trial court was re-

versed and remanded for a new trial. The *Judkins* opinion refers to the "bone dry" statute as having been superseded in Williamson County pursuant to Public Acts of Tennessee 1939, Chapter 49. This was obiter dictum in view of the issues considered in *Clark* and *Chadrick*, supra.

Both the State and Underwood cite *Sesson v. State*, 563 S.W.2d 799 (Tenn.Cr.App. 1978) cert. denied March 1978. Sesson was convicted under an indictment based upon T.C.A. § 39–2521 which prohibits making or attempting to make intoxicating whiskey. Sesson maintained that Title 57 T.C.A., which allows for the manufacturing of whiskey under the terms of those statutes, repealed T.C.A. § 39–2521. The statement in the *Sesson* opinion that "these statutes are local option statutes and do not repeal T.C.A. § 39–2521 and § 39–2522 unless they have been adopted by vote in the county in which a prosecution is proceeding," is again obiter dictum. To hold otherwise would be contrary to the constitutional validation of the local option plan of the Legislature approved by our Supreme Court in *Clark v. State ex rel Bobo*, supra.

Therefore, the presentments are sufficient and valid under the existing laws of the State of Tennessee. The Trial Court was in error in dismissing the presentments and thereby deny the State on opportunity to present its proof and, if necessary, allow Underwood an opportunity to present a defense.

The judgment below is reversed and the case remanded.

DWYER and DUNCAN, JJ., concur.