**UNITED STATES of America**

v.

**Wallace Eugene McGEE.**

**Crim. No. 2331.**

United States District Court
M. D. Tennessee,
Columbia Division.

March 15, 1968.

Gilbert S. Merritt, U. S. Atty., and Alfred H. Knight, III, Asst. U. S. Atty., Nashville, Tenn., for the United States.

Dale Quillen, Nashville, Tenn., for defendant.

## ORDER

FRANK GRAY, Jr., District Judge.

This criminal action is before the court on motion of the defendant, Wallace Eugene McGee, to dismiss the indictment on the grounds that the registration requirement of 26 U.S.C. § 5179, the bond requirement of 26 U.S.C. § 5173, and the prohibition in 26 U.S.C. § 5222 of making or fermenting mash fit for distillation "on any premises other than on the bonded premises of a distilled spirits plant duly authorized to produce distilled spirits according to law," violate his Fifth Amendment privilege against self-incrimination. The indictment herein, in three separate counts, charges these respective violations.

Defendant relies on the holdings of the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, all of which were decided on January 29, 1968. The first two of these cases involved the wagering tax statutes, while *Haynes* involved the registration provisions of the National Firearms Act.

Although not referred to by defendant, the case of Albertson v. Subversive Activities Control Board, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965) must also be considered as it was the precursor of the later decisions and must be considered as foreshadowing the results reached in them.

In *Albertson*, the court pointed out that the questions required to be answered in complying with the registration provisions of the statute "are directed at a highly selective group inherently suspect of criminal activities." (382 U.S. at p. 79, 86 S.Ct. at p. 199.) *Albertson* also pointed out that the claims of self-incrimination "are not asserted in an essentially noncriminal and regulatory area of inquiry, but against an inquiry in an area permeated with criminal statutes." (Also at p. 79, 86 S.Ct. at p. 199.)

In *Marchetti*, after discussion of both Connecticut and federal statutes aimed at gambling and wagering, the court said, "By any standard, in Connecticut and throughout the United States, wagering is 'an area permeated with criminal statutes,' and those engaged in wagering

are a group 'inherently suspect of criminal activities.' "[Citing *Albertson.*] In *Grosso,* where the petitioner allegedly accepted wagers in Pennsylvania, after discussion of the Pennsylvania statutes providing for the punishment of gambling and ancillary activities, the court reiterated its language in *Marchetti.*

In discussing the National Firearms Act, in *Haynes,* the court pointed out that the registration requirements applied only to certain types of weapons and concluded that "these limitations were apparently intended to guarantee that only weapons used principally by persons engaged in unlawful activities would be subjected to taxation." (88 S.Ct. at 725.)

On the other hand, the distillation of spirituous liquor is legal under federal law and is a legal business in most states, including Tennessee. It is true that in Tennessee it is not legal in every county, and it was not legal in Hickman County, Tennessee, wherein the offenses here involved are alleged to have occurred. To paraphrase *Albertson,* this court is of the opinion that the defendant's claims are asserted in an essentially non-criminal and regulatory area of inquiry. The purposes of the statutes under attack are, obviously, the protection of revenue from taxes imposed on the distilling industry, and the requirements of the statute are not aimed at "a highly selective group inherently suspect of criminal activities" (supra), but at the entire liquor distilling industry.

The court is of the opinion that what has been said clearly differentiates the questions presented here from the decisions in the cases relied on by defendant, and that such decisions are, therefore, not controlling on these newly asserted questions.

For the reasons stated, the court is of the opinion that the statutes under attack are not violative of the self-incrimination provisions of the Fifth Amendment. Accordingly, the motion to dismiss the indictment is overruled.