**UNITED STATES of America,
Plaintiff,**

v.

**Furman FINE, Defendant.
Crim. No. 6952.**

United States District Court
E. D. Tennessee,
Northeastern Division.
April 9, 1968.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Ben Hooper, II, Newport, Tenn., Dale Quillen, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Fine was indicted on five counts, which charged: that he possessed, controlled or had custody of an unregistered distillery, that he carried on the business of a distiller of spirituous liquors without having given the required bond, that he worked in an unposted distillery, that he made mash fit for distillation and for the production of spirituous liquors on premises not designated for such purpose according to law, and that he possessed unstamped whiskey. By oral motion prior to the commencement of trial herein, Mr. Fine sought a dismissal of the indictment against him, claiming that his compliance with any of the statutes proscribing the aforementioned activities would have compelled him in a criminal case eventually to be a witness against himself, in violation of his right against self-incrimination guaranteed him by the Fifth Amendment to the federal Constitution.

Counsel for Mr. Fine relied for the relief sought on three decisions [1] of the Supreme Court which had been announced only 18 days previously. As the motion was made after this action had been called for trial before a jury, had not been reduced to writing and supported with a brief with authorities as required by our local Rule 12(a), and as the Court was unwilling to act precipitously on issues of such far-reaching significance, the Court took the motion under advisement and proceeded with the trial. Mr. Fine was convicted by the jury of the charges contained in each of the five counts of the indictment. He was allowed 15 days from his conviction to reduce his motion to written form and to supply a brief with authorities.

■ This Court is of the opinion that the defendant's motion lacks merit in so far as is concerned the third count of the indictment. Therein, Mr. Fine was charged with having " * * * worked in a distillery for the production of spirituous liquors, on the outside of which distillery no sign bearing the name of the distiller and denoting the business was placed and kept as required by law. * * * " The gravamen of the offense, under the statute charged by this count, was Mr. Fine's *working* in a distillery for the production of spirituous liquors, on the outside of which distillery no sign bearing the name of the distiller and denoting the business was placed and kept as required by law, 26 U.S.C. § 5681(c). He was not required by statute to place or keep such a sign; he was merely proscribed from working in a distillery on the outside of which no sign had been placed and kept as required by law. Accordingly, he was not compelled by 26 U.S.C. § 5180(a) to be a witness eventually against himself in a criminal case by any act of posting or keeping the required sign.

The constitutional guarantee that Mr. Fine will not be compelled to be a witness against himself not being infringed by either 26 U.S.C. §§ 5180(a) or 5681 (c), his motion as to the third count of the indictment herein hereby is

Overruled.

■ The indictment herein charged that the violations of federal laws by Mr. Fine were committed in the Northeastern Division of the Eastern District of Tennessee. Cocke County, Tennessee is among the counties of which that District and Division is comprised. 28 U.S. C. § 123(a) (2). Except where [2] the manufacture of intoxicating drinks is made lawful by local option vote within the boundaries of a county, T.C.A. §§ 57–101 et seq.; see Clark v. State ex rel. Bobo (1938), 172 Tenn. 429, 113 S.W.2d 374, it is unlawful in Tennessee for any person to manufacture or to attempt to manufacture any intoxicating whiskey or brandy, except [3] alcohol of not less than 188 proof for chemical, pharmaceutical, medical, or bacteriological purposes, T.C.A. § 39–2521, and, with the foregoing exception, for any person to manufacture or attempt to manufacture, for purposes of sale, any intoxicating liquor, including all vinous, spirituous, or malt liquors, T.C.A. § 39–2522. These offenses are deemed in Tennessee to have been committed by any person who attempts to manufacture intoxicating liquor, either by assembling the necessary apparatus for the purpose of manufacturing intoxicating liquor as prohibited by law, or *by the doing of any act preparatory* to such manufacture, T.C.A. § 39–2523.

It is also unlawful in Tennessee for any person to have in his possession or control any still or other apparatus, or part thereof, used or *intended to be used* for the purpose of manufacturing intoxi-

---

1. Marchetti v. United States (1968), 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States (1968), 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States (1968), 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

2. The Court notices judicially that the manufacture of intoxicating liquors and/or intoxicating drinks has not been made lawful within the boundaries of Cocke County, Tennessee.

3. This exception is not applicable here.

**192**

cating liquor as prohibited by law, T.C.A. § 39–2524. When any person is found in the possession or control of any still or apparatus, or part thereof, suitable or designed for the manufacture of intoxicating liquor, such possession or control is deemed in Tennessee prima facie evidence in a prosecution under §§ 39–2521–39–2524, supra, that such possession or control was for the purpose of manufacturing intoxicating liquor as prohibited by law, T.C.A. § 39–2525.

It was charged in the first count herein that Mr. Fine " \* \* \* did have in his possession and custody and under his control a still and distilling apparatus set up for the production of spirituous liquors which was not registered as required by law. \* \* \*." 26 U.S.C. § 5179(a) requires that: " \* \* \* Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register such still or distilling apparatus with the Secretary [of the Treasury] or his delegate immediately on its being set up, by subscribing and filing with the Secretary or his delegate a statement in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still and its capacity, the owner thereof, his place of residence, and the purpose for which said still or distilling apparatus has been or is intended to be used (except that stills or distilling apparatus not used or intended to be used for the distillation, redistillation, or recovery of distilled spirits are not required to be registered under this section). \* \* \*"

■ Thus, it is patent that the manufacturing, or the attempting to manufacture, of intoxicating liquor in Cocke County, Tennessee is " \* \* \* an area permeated with criminal statutes \* \* ", and that those engaged in such endeavor in that county are a group " \* \* \* inherently suspect of criminal activities.

\* \* \*" Albertson v. Subversive Activities Control Board (1965), 382 U.S. 70, 79, 86 S.Ct. 194, 15 L.Ed.2d 165, 172 [7], cited in United States v. McGee,[4] D.C.Tenn. (1968), 282 F.Supp. 550 [order of March 15, 1968 of Middle District of Tennessee, Columbia Division, criminal no. 2331.] If Mr. Fine had registered his distillery with the Secretary of the Treasury " \* \* \* immediately on its being set up \* \* \*", the registration requiring a declaration of the purpose for which the still or distilling apparatus " \* \* \* has been or is intended to be used \* \* \*", he would have been obliged to accuse himself of a conspiracy to violate Tennessee prohibitions against the manufacture of intoxicating liquor. Cf. Marchetti v. United States, supra, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d at 900, citing Acklen v. State (1954), 196 Tenn. 314, 267 S.W.2d 101. If the admission of a crime cannot be compelled from witnesses in oral testimony from the witness stand, " \* \* we do not see how compulsion in writing makes a difference for constitutional purposes. \* \* \* It follows [that compliance with 26 U.S.C. § 5179(a)] is inconsistent with the protection of the Self-Incrimination Clause. \* \* \*" Albertson v. Subversive Activities Control Board, supra, 382 U.S. at 78, 86 S.Ct. at 198, 15 L.Ed.2d at 171.

Mr. Fine " \* \* \* was confronted by a comprehensive system of federal and state prohibitions against ['moonshining'] activities; he was required [by 26 U.S.C. § 5179(a)] on pain of criminal prosecution to provide information which he might reasonably suppose would be available [see, infra,] to prosecuting authorities, and which would surely prove a significant 'link in the chain' of evidence tending to establish his guilt. Unlike the income tax return in question in United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 [51 A.L.R. 1020], every portion of these re-

---

4. This Court does not find or conclude that the requirements imposed by 26 U.S.C. § 5179(a) are in " \* \* \* an essentially non-criminal and regulatory area of inquiry \* \* \*". Cf. Marchetti v. United States, supra; contra: United States v. McGee, supra.

quirements had the direct and unmistakable consequence of incriminating [the movant]; the application of the constitutional privilege to the entire registration procedure was in this instance neither 'extreme' nor 'extravagant'. See id., at 263, 47 S.Ct. 607 [71 L.Ed. at 1040, 51 A.L.R. 1020]. It would appear to follow that [movant's] assertion of the privilege as a defense to this prosecution was entirely proper, and accordingly should [suffice] to prevent his conviction. * * * " (References to footnotes omitted.) Marchetti v. United States, supra, 390 U.S. at 48, 88 S.Ct. at 703, 19 L.Ed. 2d at 898.

Both the federal and the Tennessee state governments have agencies whose primary function it is to enforce the respective federal and state laws relating to intoxicating liquor. Agents of both sovereigns were engaged in investigations toward this end when, collectively, they apprehended Mr. Fine at his distillery.

If the federal revenue agents, who are subordinates of the Secretary of the Treasury, 5 Appen.U.S.C., Reorganization Plan No. IV of 1940, § 2, with whom 26 U.S.C. § 5179(a) required Mr. Fine to register his distillery, properly performed their duties, 26 U.S.C. § 7608, and if Mr. Fine had complied with 26 U.S.C. § 5179(a), and registered his distillery, information concerning the registration by Mr. Fine of his distillery would have become available to agents of the Tennessee alcoholic beverage commission, whose duty it would then have become, T.C.A. § 57–817; T.C.A. § 57–129, to have brought Mr. Fine's violations to the attention of Tennessee prosecuting authorities.

Thus, it "* * * would be impossible to say that the hazards of incrimination which stem from the obligation * * * " of Mr. Fine to register his distillery with the federal authorities "* * * are 'imaginary and unsubstantial.' Reg. v. Boyes, 1 B. & S. 311, 330; Brown v. Walker, 161 U.S. 591, 599–600 16 S.Ct. 644, 647–648, 40 L.Ed. 819 [821, 822]. The criminal penalties * * * "

for manufacturing whiskey with which Mr. Fine was threatened "* * * are scarcely 'remote possibilities out of the ordinary course of the law,' Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450 [455]; yet he is obliged, on pain of criminal prosecution, to provide information which would readily incriminate him, and which he may reasonably expect would be provided to prosecuting authorities. These hazards of incrimination can only be characterized as 'real and appreciable'. Reg. v. Boyes, supra, at 330; Brown v. Walker, supra, [161 U.S.] at 599–600, 16 S.Ct. at 647–648 [40 L.Ed. at 821, 822]. Moreover, unlike the income tax return at issue in United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 [51 A.L.R. 1020] * * *." Mr. Fine's registration of his distillery, and his answering the questions required by the registration statute, "* * * would directly and unavoidably have served to incriminate him; his claim of privilege * * * was therefore neither 'extreme' or 'extravagant'. Compare, id., at 263, 47 S.Ct. 607 [71 L.Ed. 1039, 51 A.L.R. 1020]. * * * " Grosso v. United States, supra, 390 U.S. at 66, 88 S.Ct. at 713, 19 L.Ed.2d at 911.

Mr. Fine, having properly asserted the constitutional privilege against self-incriminating himself by complying with the requirements of 26 U.S.C. § 5179(a), therefore, may not be criminally punished for failing so to comply therewith. Marchetti v. United States, supra, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d at 905.

What is stated hereinabove with reference to compliance by Mr. Fine with 26 U.S.C. § 5179(a) applies in equation with the requirements that he comply with 26 U.S.C. § 5173(b) which requires the giving of a bond by "* * * [e]very person intending to commence or continue the business of a distiller * * " and with the requirements of 26 U.S.C. § 5222 that he bond the premises on which he was making or intended to make or ferment mash fit for distillation or for the production of spirituous liquor.

Here again, Mr. Fine was required by the respective federal statutes cited, on pain of prosecution, to do something in an area permeated with criminal statutes at a place where those engaged in such endeavor comprised a group which was inherently suspect of criminal activities, which would have provided information to federal authorities which he might reasonably suppose would become available to prosecuting authorities of Tennessee, and which would have surely proved a significant link in the chain of evidence tending to establish his guilt of violating Tennessee laws. The hazards of incrimination stemming from Mr. Fine's compliance with those statutes were real and appreciable, and his assertion of his claim against self-incrimination under the second and fourth counts was neither extreme nor extravagant.

Mr. Fine, having properly asserted the constitutional privilege against self-incriminating himself by complying with the respective requirements of 26 U.S.C. §§ 5173(b) or 5222, therefore, may not be criminally punished for failing to so comply therewith.

It was charged in the fifth count of the indictment that Mr. Fine " * * * did possess a quantity of distilled spirits, required to be stamped under the provisions of Section 5205(a) (2), Title 26, U.S.C., the immediate containers thereof not having affixed thereto stamps evidencing the determination of the tax and indicating compliance with the provisions of the Internal Revenue Laws of the United States relating to distilled spirits. * * * " Except where [5] possession of intoxicating liquor is legal under T.C.A. §§ 26–707–710, inclusive, or T.C.A. ch. 57, it is unlawful, see Curtis v. State (1966), 219 Tenn. 258, 409 S.W.2d 352, for any person to possess intoxicating liquors in Tennessee, whether intended for personal use or otherwise, T.C.A. § 39–2507; and the bare possession of unlawful intoxicating liquors in Tennessee is prima facie evidence that such liquors were possessed in violation of Tennessee laws, T.C.A. § 39–2513, creating the presumption that such possession was illegal and casting the burden on the alleged offender to prove that his possession was lawful, Ambrester v. State (1937), 172 Tenn. 144, 110 S.W.2d 332.

With certain exemptions not here applicable, 26 U.S.C. § 5205(a) (2) proscribes the possession of any distilled spirits, unless the immediate container thereof is stamped by a stamp evidencing the determination of the tax or indicating compliance with the provisions of 26 U.S.C. ch. 51. Regulations promulgated, 26 U.S.C. §§ 5205(a) (3) and 6801, by the Secretary of the Treasury provide that: " * * * Distilled spirits stamps shall be issued to the proprietor [of a distillery] by the assigned officer on tax determination, or, in other cases, on receipt of the proper form covering the withdrawal or removal of the spirits. * * * " 26 C.F.R. § 201.550. " * * * The prescribed distilled spirits stamp * * * shall be marked, in the space provided, by the proprietor withdrawing or removing the spirits, to show the name and plant number of the proprietor * * * ." 26 C.F.R. § 201.549(c). The plant number is the " * * * number assigned to a distilled spirits plant by the assistant regional commissioner * * * " of Internal Revenue. 26 C.F.R. § 201.11. " * * * A person shall not engage in the business of a distiller * * * or bottler of distilled spirits unless he has made application for and received notice of registration of his plant with respect to such business * * * ." 26 C.F.R. § 201.131. Such registration is accomplished by filing application on a certain form. 26 C.F.R. § 201.132.

Thus, there is no means by which Mr. Fine could have obtained the required tax stamps other than to have registered his distillery. This would have required his providing the Secretary of the Treasury with the same information aforementioned in connection with the first count, and the incrimi-

5. None of these exceptions are apposite here.

nating effect related need not be reiterated here. Suffice it to state that Mr. Fine, having properly asserted his constitutional privilege against self-incriminating himself by complying with the requirements of 26 U.S.C. § 5205(a) (2), therefore cannot be criminally punished for failing so to comply therewith.

■■ The Court is not persuaded by the notion advanced that persons such as Mr. Fine meaningfully waive their constitutional privilege against self-incrimination by electing neither to cease moonshining activities nor to incriminate themselves. Marchetti v. United States, supra, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d at 900. This privilege is theirs, even if they elect to continue their unlawful acts, and they cannot be deprived of the right, regardless of what they may do which might seem at first blush to constitute a waiver. The right against self-incrimination is an unconditional right.

Even so the defendant may not require a dismissal of the offending counts in the indictment. It has not yet been held that an indictment on the charges contained in the first, second, fourth and fifth counts are as such impermissible, only that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with the statutory requirements. For this reason, the Court will treat the defendant's motion to dismiss the indictment herein as one to exclude testimony and other evidence on the allegations in the indictment relating to all but the third count. Such motion hereby is granted, and such testimony and evidence hereby are excluded.

It appearing that, as to all counts of the indictment herein except the third, there now remains no admissible evidence the prosecution could offer on a new trial as to those counts which could support re-convictions thereupon, on its own motion, the Court hereby enters judgments of acquittal of the defendant Furman Fine on counts one, two, four and five of the indictment herein. As to such counts, the defendant hereby is released from custody.

As to the third count of the indictment, it appearing that Mr. Fine has filed seasonably a notice of appeal, execution of the probationary sentence imposed thereunder hereby is suspended until final adjudication on the appeal.